Timothy J. DAVIS, Appellant,

v.

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

No. 95-475.

United States Court of Veterans Appeals.

Jan. 14, 1998.

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Judges.

### ORDER

PER CURIAM:

In a single-judge memorandum decision dated October 6, 1997, the Court vacated the February 10, 1995, decision of the Board of

Veterans' Appeals and remanded the matter for further development and readjudication. On October 27, 1997, the Secretary filed a motion for reconsideration or, alternatively, for panel review. The motion for reconsideration is addressed in a separate order also issued this date.

On consideration of the foregoing and the record on appeal, it is

ORDERED that the Secretary's motion for panel review is denied.

STEINBERG, Judge, dissenting:

I cannot join in the panel order denying the Secretary's motion for panel review. Because I am, at this point, inclined to grant the Secretary's motion, I would issue an order requesting the appellant to respond to the Secretary's motion. *See* U.S. VET.APP. R. 35(g) (motion for panel review "ordinarily will not be granted without such a request" by the Court).

Although I would not necessarily agree with the Secretary that there is not new and material evidence to reopen as to the veteran's post-traumatic stress disorder (PTSD) claim, I do not believe that the single-judge decision, or the supplemental order filed this day, provides an adequate basis for the decision to reopen and reach the merits of the claim. Because, at this point, it appears to me that the outcome on the threshold question as to reopening is "reasonably debatable", compliance with *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990), would require panel review. Conceivably, a panel could adopt a new legal theory that would result in reopening in a fact situation such as that before us,[1] but I do not, at this point, find a basis for rejecting the Secretary's contention that an examination of the newly presented evidence under the analysis in *Evans v.*

*Brown,* 9 Vet.App. 273, 283 (1996), should result in a determination that the Board of Veterans' Appeals (BVA or Board) erred in reaching the merits of the claim.

The supplemental order of the single judge now determines that the newly presented Navy Judge Advocate General investigative report (JAG report) constituted new and material evidence to reopen the disallowance of the veteran's PTSD claim because that report confirms the existence of the on-ship fire to which the veteran attributed the stressful situation that he believes precipitated his PTSD. However, insofar as I can tell, that is not an issue in dispute as to reopening; the 1983, 1985, and 1990 BVA decisions not to reopen as to the PTSD claim each expressed no doubt about the existence of the on-ship fire. *See* Record (R.) at 373, 442–43, 511. Only in the 1988 BVA decision did the Board express doubt, stating as to the veteran's having witnessed "the death of fellow servicemen in a munitions explosion aboard ship", that "there is insufficient evidence to substantiate his claimed exposure to significant in[-]service trauma." R. at 459. In any event, the 1988 BVA decision is not controlling here under *Evans, supra;* the last final disallowance was by the BVA decision in 1990, and that decision, in effect, conceded the existence of the fire by concluding: "However, the earlier records show that the fire played no significant part in the development of the veteran's psychiatric disorder." R. at 511. The Court's opinion in *Evans* plainly holds that the newly submitted evidence must be probative of "each issue which was a specified basis for **the last final disallowance**", *Evans,* 9 Vet.App. at 283 (emphasis added), and that means a disallowance "on any basis, not only since the time that the claim was last disallowed on the

---

1. There may be a basis for reopening that a panel could find on two alternative grounds: Either (1) that the new Department of Veterans Affairs (VA) regulation adopting the DIAGNOSTIC AND STATISTICAL MANUAL FOR MENTAL DISORDERS (4th ed.1994), 38 C.F.R. § 4.130 (1997); *see Cohen v. Brown,* 10 Vet.App. 128, 139–42 (1997), "created a new basis of entitlement to a benefit" under *Spencer v. Brown,* 4 Vet.App. 283, 289 (1993), *aff'd,* 17 F.3d 368 (Fed.Cir.1994); or (2) that the adoption of the DSM–IV diagnostic criteria by VA creates new law that itself constitutes new and material

evidence in a PTSD case, where stressor sufficiency, *see Cohen,* 10 Vet.App. at 140–45, seems to be at issue, *cf. Jensen v. Brown,* 7 Vet.App. 27, 28 (1994) (per curiam order) (remanding for claim to be reopened based on new and material evidence provided by regulation (38 C.F.R. § 3.306(b)(2) (1993))); *Akins v. Derwinski,* 1 Vet. App. 228, 230 (1991) (evidentiary presumption not previously considered constitutes "functional equivalent of evidence" and provides "a basis for reopening the claim").

merits", *id.* at 285. Here, that last disallowance was the 1990 BVA decision, and, as noted, it clearly did not question the existence of the fire.

Moreover, the Secretary in his motion raises arguments that are not addressed in the Court's memorandum decision or supplemental order—that the JAG report actually provides much information that discredits the veteran's account of what he experienced in the fire. Secretary's October 27, 1997, Motion (Mot.) at 4. Under the *Evans* analysis, even if the JAG report were probative of the issue or issues that were the "specified basis" for the 1990 disallowance—which I do not believe it was—it seems very difficult to conclude, taking into account all the evidence of record, old and new, that there is a reasonable possibility that the outcome would be changed, especially when the bulk of the newly presented evidence (including two medical examinations not diagnosing PTSD (R. at 525–27, 528–30)) is unfavorable to the veteran. *See Evans,* 9 Vet.App. at 283.

Finally, I believe it is somewhat unfair to take the Secretary to task for not having raised prior to his October motion the threshold issue of whether there was new and material evidence to reopen. As the Secretary points out, Mot. at 2 n. 1, the *Evans* opinion had not been issued in April 1996 when the Secretary filed his brief.[2] Moreover, under *Barnett v. Brown,* 83 F.3d 1380, 1384 (Fed.Cir.1996), also subsequently decided, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) held that a determination of whether or not there is new and material evidence to reopen is "a mandatory jurisdictional requirement", *Butler v. Brown,* 9 Vet.App. 167, 171 (1996). Although under Rule 28(g) of the Court's Rules of Practice and Procedure the Secretary should have called to the Court's attention the potential impact of *Evans* and *Barnett* on this case, it is at least equally the case that the Court in October 1997 was required—as it is now—to follow those decisions. As the Federal Circuit stated in *Barnett:*

> [I]t is well-established judicial doctrine that any statutory tribunal must ensure that is has jurisdiction over each case *before* adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, *sua sponte* [,] or by any party, at any stage in the proceedings, and, once apparent, must be adjudicated.

*Barnett,* 83 F.3d at 1383 (citations omitted).

For the foregoing reasons, I respectfully dissent from the Court's order denying the Secretary's motion for panel review.

---

**2.** In April 1996, the application of language in *Glynn v. Brown,* 6 Vet.App. 523, 528–29 (1994), could have lead the Board to evaluate as newly presented evidence all the evidence since the last disallowance *on the merits, see Evans,* 9 Vet.App. at 284–85, which was by the BVA in 1976 (R. at 293–98), in order to determine whether there was new and material evidence to reopen.