Flora L. BARNETT, Claimant–Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.

No. 95–7058.

United States Court of Appeals, Federal Circuit.

May 6, 1996.

Linda E. Blauhut, Paralyzed Veterans of America, Washington, DC, argued for claimant-appellant. With her on the brief were Michael P. Horan and William S. Mailander.

Jennifer M. Hong, Commercial Litigation Branch, Department of Justice, Washington, DC, argued for respondent-appellee. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Joseph A. Kijewski, Assistant Director. Also on the brief were Richard J. Hipolit, Deputy Assistant General Counsel and David J. Barrans, Staff Attorney, Department of Veterans Affairs, of Washington, DC.

Before NEWMAN, MICHEL, and RADER, Circuit Judges.

MICHEL, Circuit Judge.

Flora L. Barnett appeals the April 13, 1995 decision of the United States Court of Veterans Appeals ("CVA"), *Barnett v. Brown*, 8 Vet.App. 1 (1995), affirming the September 13, 1993 decision of the Board of Veterans' Appeals ("Board") declining to reopen her claim for benefits that may be due a surviving spouse or to further consider its prior determination of no service connection of her husband's death on the ground that no new and material evidence had been proffered. The appeal was submitted for our decision following oral argument on March 5, 1996. Because the Board was obligated by statute to preliminarily determine if new and material evidence had been presented and because its determination is unreviewable here, we affirm.

BACKGROUND

Mrs. Barnett's husband, Boyd Barnett, served on active duty in the United States Navy from August, 1942, to December, 1944. In January, 1945, the Veterans Administration (now Department of Veterans Affairs ("VA")) established a service connection for his post-operative duodenal ulcer. In April, 1968, Mr. Barnett was diagnosed as suffering anxiety reaction and external precipitated depression. In June, 1968, a VA regional office determined that his anxiety reaction and gastrointestinal disorders were interrelated and awarded a service connection for "anxiety reaction with post gastrectomy." The diagnosis of "anxiety reaction" was subsequently changed to "schizophrenia." In November, 1972, Mr. Barnett was diagnosed with chronic obstructive pulmonary disease ("COPD").

Mr. Barnett died in August, 1987, as the result of respiratory arrest due to pneumonia. His death certificate identifies the cause of death as "Respiratory Arrest Due to, or as a Consequence of Pneumonia" and lists COPD under the heading "Other Significant Conditions."

After Mr. Barnett's death, Mrs. Barnett filed an application for Dependency and Indemnity Compensation, asserting that her husband's death was the result of his naval service.[1] With her application, she submitted a copy of the death certificate and records from 1986 and 1987 that documented her husband's treatment for chest pains, severe low back pain, COPD, tachycardia, pneumonia, and congestive heart failure. Although schizophrenia was listed as a diagnosis in the medical records, it was never identified in the records as a causative factor in the veteran's physical problems. In November, 1987, the regional office denied Mrs. Barnett's application, concluding that "[t]he evidence does not establish that the veteran's death was due to a service-connected disability."

In December, 1987, Mrs. Barnett submitted a Medical Certificate from Dr. Friday, who had treated Mr. Barnett for several years, expressing the opinion that his death was hastened by his schizophrenic condition. The regional office continued to deny Mrs. Barnett's claim, and, in August, 1988, Mrs. Barnett filed a Notice of Disagreement ("NOD"). Thereafter, the regional office sent to Mrs. Barnett its Statement of the Case setting forth its explanation of its decision. The Statement of the Case specifically noted that Dr. Friday's certificate was considered by the regional office as part of the evidence presented.

On November 7, 1988, Mrs. Barnett filed her appeal with the Board, and, in June, 1989, the Board upheld the denial of service connection for her husband's cause of death. The Board concluded that (a) Mr. Barnett did not have a service-connected lung disorder, and (b) contemporaneous medical evidence did not show that his service-connected schizophrenia interfered significantly with the treatment of his respiratory problems.

In April, 1990, Mrs. Barnett sought to reopen her case in the regional office and

1. Such compensation is payable under chapter 13 of title 38, United States Code, to certain survivors of veterans whose deaths are service connected. Pursuant to VA regulations at 38 C.F.R. § 3.312, a veteran's death is considered to be service connected when a disability, incurred in or aggravated by service, either caused or contributed substantially or materially to death.

submitted a letter from Dr. Friday that gave several examples of how Mr. Barnett's schizophrenia affected his medical condition. In response, on April 25, 1990, the VA regional office issued a "confirmed rating decision" (VA form 21–6789), stating that a review of the evidence showed no basis for changing the prior decision. On the form, the regional office called Mrs. Barnett's claim a "Reopened Claim," but the same form also stated that "[t]his evidence does not . . . contain any new and material evidence. . . ." In a June 6, 1990, letter to Mrs. Barnett, the regional office stated that it had reviewed Dr. Friday's letter and concluded that, "[b]ased on this evidence, no basis is shown for a change in our prior decision."

On June 11, 1990, Mrs. Barnett submitted an NOD regarding the confirmed rating decision. In July, 1990, the regional office issued a Statement of the Case explaining the basis for the denial of service connection in the confirmed rating decision. Mrs. Barnett appealed again to the Board. Subsequently, at an informal hearing before the Board on November 19, 1990, Mrs. Barnett's veterans service organization representative urged the Board to apply 38 C.F.R. § 3.156, which pertains to new and material evidence, to Dr. Friday's second communication. The Board then remanded the case for the regional office to issue a Supplemental Statement of the Case ("SSOC"), citing the law and regulations pertaining to finality of decision before further proceedings could continue before the Board. The regional office issued an SSOC on February 19, 1991, that specified the pertinent law and regulations, including 38 C.F.R. § 3.156. It also stated that without new and material evidence the claim could not be reopened.

In April, 1992, after a hearing at which Mrs. Barnett's representative once again acknowledged the new and material evidence rule, the Board remanded the case once again to the regional office to obtain and consider further medical treatment records in addition to Dr. Friday's letter. In its remand decision, the Board stated that "[b]efore [it] can decide whether the appellant's claim is reopened," it needed additional medical records.

After reviewing all the records, the regional office again issued "confirmed rating decisions" in July and August, 1992, denying a service connection for the cause of death because there was "no evidence received showing the veteran received less than adequate care throughout his life for multiple medical problems due to his S/C schizophrenia." The regional office did not expressly decide whether the medical treatment records or Dr. Friday's letter were new and material evidence. In January, 1993, once again before the Board, Mrs. Barnett's representative argued that evidence qualifying as new and material evidence had indeed been presented.

In September, 1993, however, the Board concluded that no new and material evidence had been submitted as required to reopen the claim. It found that the letter by Dr. Friday and the medical treatment records were merely cumulative and failed to substantiate the doctor's previous assertion in his certificate that the schizophrenia contributed to or hastened Mr. Barnett's decline. In April, 1995, the CVA affirmed the September, 1993 decision of the Board. Before the CVA, Mrs. Barnett argued that, because the regional office adjudicated her claim, apparently on the merits, and failed expressly to rely on the new and material evidence rule, the Board could only consider the merits of the claim. Also, she contended that she had not been given proper notice of the applicability of the new and material evidence rule and was therefore prejudiced in prosecuting her appeal. The CVA held that the Board was correct in first resolving the new and material evidence issue. The CVA also found that, on several occasions, Mrs. Barnett's representative had acknowledged the new and material evidence issue as before the Board, and, in any event, that it was effectively the same issue as the merits. Therefore, she was not prejudiced by the Board's action or the alleged lack of notice.

On appeal, Mrs. Barnett contends that the CVA erred in holding that 38 U.S.C. §§ 5108 and 7104 require that the Board determine whether new and material evidence is presented before reopening a claim regardless of what, if anything, was determined by the

regional office regarding new and material evidence. In addition, she asserts that she had not been given sufficient notice that the new and material evidence issue might be relied on in the Board's determination and was thereby prejudiced in presenting her appeal.

### JURISDICTION AND STANDARD OF REVIEW

This court's jurisdiction in reviewing decisions of the CVA, set forth in 38 U.S.C. § 7292, is very limited. We may only "review and decide any challenge to the validity of any *statute* or regulation or *any interpretation thereof* brought under this section, and *to interpret* constitutional and *statutory provisions,* to the extent presented and necessary to a decision." § 7292(c) (emphasis added). Furthermore, unless a constitutional issue is presented, which is not the case here, we "may *not* review (A) a challenge to a *factual determination,* or (B) a challenge to a law or regulation as *applied to the facts of a particular case.*" § 7292(d)(2) (emphasis added).

### ANALYSIS

**I. Jurisdiction of the Board Under 38 U.S.C. § 7104**

■ Mrs. Barnett interprets the CVA's opinion to conclude that the regional office implicitly found that there was new and material evidence; that the Board reversed this favorable finding in its decision to uphold denial of the claim for lack of new and material evidence; and that the Board was required to do so under 38 U.S.C. §§ 5108 and 7104. Mrs. Barnett argues that Title 38 and the statutory scheme providing the veterans' benefits at issue here impliedly preclude the Board from reversing a favorable ruling of the regional office on the issue of new and material evidence and that the CVA misinterpreted the statute so as to allow, indeed require, the Board to do so. Although it is doubtful that the regional office ruled that the medical treatment records and Dr. Friday's letter were new and material evidence, for the purpose of our analysis we can assume it did because, we conclude, that distinction makes no difference.

Section 5108 generally states that a claim shall be reopened if "new and material evidence is presented or secured with respect to a claim." Section 7104, entitled "Jurisdiction of the Board," however, states that, "[e]xcept as provided in section 5108 of this title, when a claim is disallowed *by the Board,* the claim may not thereafter be reopened and allowed and a claim *based upon the same factual basis* may not be considered." (emphasis added). We hold today that the latter statute means that the Board does not have jurisdiction to consider a claim which it previously adjudicated unless new and material evidence is presented, and before the Board may reopen such a claim, it must so find. What the regional office may have determined in this regard is irrelevant. Section 7104 does not vary the Board's jurisdiction according to how the regional office ruled. Mrs Barnett's implicit argument that it does is precluded by the very language of section 7104.

■ Moreover, it is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, *sua sponte* or by any party, at any stage in the proceedings, and, once apparent, must be adjudicated. *See, e.g., FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 230–31, 110 S.Ct. 596, 607–08, 107 L.Ed.2d 603 (1990). In the present case, the Board first upheld the denial of service connection for Mrs. Barnett's husband's cause of death in June, 1989. The Board later denied Mrs. Barnett's request to reconsider its ruling after determining that no new and material evidence was presented. Indeed, the parties pointedly litigated before the Board over new and material evidence as the obvious threshold question.

■ This court has previously held that the question of whether evidence in a particular case is "new and material" is either a "factual determination" under section 7292(d)(2)(A) or the application of law to "the facts of a particular case" under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction. *Spencer v. Brown,* 17 F.3d 368, 374 (Fed.Cir.1994) ("[W]e cannot disturb the [CVA's] holding

that there was no new and material evidence presented after the Board's 1987 decision ... as that would require us to review the application of law to the facts of this case, concerning which we have no jurisdiction."). We therefore cannot reverse the Board's conclusion in this case that it was precluded from reconsidering the claim. Indeed, we lack jurisdiction to review that conclusion.

Nor can we conclude that the CVA erred in holding that the Board was required to decide the new and material evidence issue and to do so preliminarily to addressing the merits. The CVA said:

> Given the statutory scheme in sections 7104(b) and 5108, the new and material evidence requirement was clearly a material legal issue which the [Board] had a legal duty to address, regardless of the [regional office's] actions. If the [Board] had adjudicated the claim on its merits without resolving the new and material evidence issue, its actions would have violated its statutory mandate. Similarly, once the Board found there was no new and material evidence, it was bound by an express statutory mandate not to consider the merits of the case.

We agree with the CVA that section 7104 does not merely empower but requires the Board first to determine whether new and material evidence has been presented.

II. Notice

█ With respect to notice, Mrs. Barnett suggests that the CVA erred in concluding that she had received adequate notice that the issue of the existence of new and material evidence would be addressed on appeal before the Board. The legal basis for her argument is unclear, although she apparently asserts that the VA regional office failed to satisfy the statutory requirement in 38 U.S.C. § 7105(d)(1) concerning the content of the Statement of the Case. To the extent that Mrs. Barnett's appeal is based on the assertion that the Statement of the Case and the Supplemental Statement of the Case, issued on remand from the Board, were inadequate, her appeal involves a question of the application of a statute or regulation to "the facts of a particular case" and is thus beyond our

jurisdiction. 38 U.S.C. § 7292(d)(2)(B). To the extent that Mrs. Barnett disagrees with the CVA's "factual determination" that she was not prejudiced by alleged inadequacies in the notice provided by the regional office and the Board, that determination too is beyond the jurisdiction of this court to review. *Id.* at (A). *See also Johnson v. Derwinski*, 949 F.2d 394, 395 (Fed.Cir.1991) ("Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing challenges to factual determinations.").

## CONCLUSION

The Court of Veterans Appeals correctly construed 38 U.S.C. §§ 5108 and 7104 in holding that the Board of Veterans' Appeals is required to determine whether new and material evidence has been presented before it can reopen a claim and re-adjudicate service connection or other issues going to the merits. Furthermore, Mrs. Barnett has failed to raise a legal issue reviewable by this court with respect to her allegations of inadequate notice and resulting prejudice. Accordingly, the decision of the CVA is

*Affirmed.*