NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7136

MARK C. KALIN,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  March 6, 2006

_____

Before BRYSON, LINN, and PROST, Circuit Judges.

PROST, Circuit Judge.

Mark Kalin appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") affirming the decision of the Board of Veterans' Appeals (the "Board") which found no clear and unmistakable error ("CUE") in a 1986 Board decision in which the Board declined to reopen Mr. Kalin's previously-denied claim for benefits.  Kalin v. Principi, No. 01-1655 (Vet. App. Oct. 5, 2004).  Because the determination of whether evidence is new and material is outside the jurisdiction of this court, we decline to address Mr. Kalin's arguments with respect to that issue.  Additionally, we construe the analysis and results below as concluding that Mr. Kalin

failed to show that the asserted CUEs would have been outcome determinative with respect to the decision to reopen his claim, and that therefore, the Veterans Court did not interpret 38 C.F.R. § 3.105 to require the additional showing that the CUEs would have been outcome determinative with respect to the merits of his claim. Accordingly, we affirm.

BACKGROUND

Mr. Kalin had active-duty service in the U.S. Marine Corps from July 20, 1965 to May 15, 1969. In September 1969, he filed a claim for service connection for, inter alia, a knee condition. A Department of Veterans Affairs regional office ("RO"), in an April 1970 decision, denied his claim because the RO concluded that service connection could not be awarded "[i]n the absence of service records, showing treatment in service . . . ." (J.A. 65.) Mr. Kalin did not perfect an appeal of that decision.

In early 1985, Mr. Kalin requested that his claim for service connection for a left knee disability be reopened. In March 1985, the RO denied Mr. Kalin's request, and he appealed to the Board. On March 13, 1986, the Board denied his claim to reopen, determining that, "although new, [the evidence received since Mr. Kalin reopened his claim in 1985] essentially relates to the current status and treatment of the knee."[1] (J.A. 114.) Thus, the Board found that "[t]he new evidence does not change any of the

---

[1] This statement by the 1986 Board clearly refers only to the medical evidence of Mr. Kalin's current status as of 1985. The 1986 Board, however, does not appear to have addressed whether Mr. Kalin's statement evidence was itself new and material. This is relevant because Mr. Kalin's arguments before us essentially focus on whether his statements themselves were new and material. We address his arguments in this regard below.

material acts upon which the prior determination [denying service connection] was based." Id.

In September 2000, Mr. Kalin filed a motion for revision of the March 1986 Board decision on the basis of CUE. On June 8, 2001, the Board denied Mr. Kalin's motion and concluded that the 1986 Board decision did not contain CUE. First, the Board noted that even if it accepted Mr. Kalin's assertions that the 1986 Board failed to adequately consider 38 C.F.R. §§ 3.303(d) and 3.304(d), the record contained no evidence of medical nexus between Mr. Kalin's left knee injuries in service and his post-service diagnosis of traumatic arthritis. Thus, the Board concluded that any such errors were not sufficient to constitute CUE because they would not manifestly change the outcome of the 1986 decision to reopen. Second, the Board found that Mr. Kalin's assertions of in-service trauma were part of the record in 1970 and 1971 when he originally filed his claim and were considered as part of the decision making process at that time. Thus, the Board concluded that his assertions did not constitute a new factual basis in 1985 to warrant reopening. Additionally, the Board noted that the only new evidence, i.e., evidence that was not before the RO in 1970 and 1971, was medical evidence of left knee treatment Mr. Kalin received in 1985 and his assertions that he had a pre-service left knee injury which was aggravated in service. Thus, that evidence "did not establish a new factual basis for his claim of entitlement to service connection . . . ." (J.A. 15-16.)

Mr. Kalin appealed to the Veterans Court which affirmed the 2001 Board's decision that there was no CUE in the 1986 Board decision. The Veterans Court first noted that Mr. Kalin failed to demonstrate how any of the asserted errors would have

been outcome determinative, a requirement for proving a successful CUE claim. Next, the court noted that even if Mr. Kalin's lay statements of in-service injury were accepted to satisfy the in-service-incurrence prong for service connection, he had failed to show that the evidence of record in March 1986 contained a medical nexus opinion.

Mr. Kalin timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

Pursuant to 38 U.S.C. § 7292(a), any party to the case may obtain review of a Veterans Court's decision upon a rule of law or the validity or interpretation of any statute or regulation relied upon by the Veterans Court in making its decision. Under 38 U.S.C. § 7292(c), this court has exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."

This court reviews decisions by the Veterans Court deferentially. Under 38 U.S.C. § 7292(d)(1), we must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

This court reviews legal determinations of the Veterans Court under a de novo standard. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). In doing so, this court may "affirm or, if the decision of the Court of Appeals for Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims or . . . remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1) (2000).

On appeal, Mr. Kalin asserts that the Veterans Court misinterpreted 38 C.F.R. § 3.105(a) by requiring him to show that the alleged errors in the 1986 Board's decision were outcome determinative with respect to the merits of his claim for benefits, rather than requiring him to show only that the errors were outcome determinative with respect to the decision to reopen. In addition, Mr. Kalin argues that the statements he submitted in 1985 regarding the circumstances surrounding the in-service aggravation of his knee injury were new.

The Secretary argues that the Veterans Court's holding did not reach the merits of Mr. Kalin's claim, but rather found that he had not shown that the errors would have been outcome determinative of the 1986 Board decision to reopen his claim. Additionally, the Secretary asserts that even if the Veterans Court had interpreted § 3.105(a) as requiring Mr. Kalin to show that the error was outcome determinative on the merits of his claim, it would have been correct.

Given the facts and circumstances of the case before us, we need not determine whether 38 C.F.R. § 3.105(a) requires a claimant, alleging CUE in a prior Board decision not to reopen a claim on the basis of new and material evidence, to show that the error was outcome determinative with respect to the merits of the underlying claim

because we do not construe the Veterans Court's decision as requiring Mr. Kalin to do so. The Veterans Court began its analysis by stating that Mr. Kalin "has failed to demonstrate how any of the asserted errors would have been outcome determinative." Kalin, slip op. at 3. This statement, in and of itself, does not reveal whether the Veterans Court was discussing whether it meant outcome determinative of the 1986 Board decision refusing to reopen or outcome determinative with respect to the merits of Mr. Kalin's claim. It is clear, however, that the Veterans Court affirmed the 2001 Board's findings that the 1986 Board decision did not contain CUE. In its decision, the 2001 Board found that even if the errors asserted by Mr. Kalin were conceded, "CUE would still not exist in the 1986 decision because . . . [rectifying those errors] would not manifestly change the outcome of the 1986 decision." (J.A. 15.) The 1986 decision referred to is the decision regarding whether to reopen, not some decision on the merits of Mr. Kalin's 1969 claim. Thus, when both the Veterans Court and the 2001 Board referred to medical nexus, it can fairly be said that those references were in regard to the 1986 Board decision denying the reopening of Mr. Kalin's claim, not a comment on whether Mr. Kalin would have ultimately prevailed on the merits of his claim.

This conclusion is further supported by the 2001 Board's finding that Mr. Kalin's statements were in fact not "new" because they had been of record in 1970 and 1971 when he originally filed his claim. Even though Mr. Kalin asserts that his statements were "new," we will not address this issue because our jurisdiction is limited in this context. See Barnett v. Brown, 83 F.3d 1380, 1383-84 (Fed. Cir. 1996) (stating that "the question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts

of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." (citation omitted)). Thus, we must accept that the 2001 Board decision concluded that his statements were not new and that that conclusion was affirmed by the Veterans Court. Because his statements were not new, there was no reason for either the 2001 Board or the Veterans Court to reach the issue of whether the errors asserted by Mr. Kalin were outcome determinative with respect to the merits of his claim.

CONCLUSION

Because we find that the Veterans Court did not require Mr. Kalin to prove that the errors would have been outcome determinative with respect to the merits of his claim, we do not need to reach the issue of whether the Veterans Court misinterpreted § 3.105(a). Accordingly, the decision of the Veterans Court is affirmed.

No costs.