ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Nolasco R. Chavez’s appeal from the United States Court of Appeals for Veterans Claims’ judgment in Chavez v. Nicholson, — Fed.Appx.-, 2006 WL 2564401 (Vet.App.2006), for lack of jurisdiction. Chavez moves for an extension of time to file his response and submits an opposition to the motion. The Secretary moves for leave to file its reply out of time, with the reply attached.
Chavez served on active duty from January 1949 to March 1950 and from September 1950 to October 1951. A claim for service connection for injuries to both eyes was denied in 1953 on the ground that the eye conditions were congenital defects rather than the result of an in-service injury. Chavez attempted on several occasions to reopen his claim for service connection for an eye disorder. Regarding the decision now on appeal, the Board of Veterans’ Appeals found that the evidence submitted following the most recent Board decisions was not new and material because it consisted of ongoing treatment for the previous disorder and did not include *954 any evidence linking the condition to service.
Before the Court of Appeals for Veterans Claims, Chavez argued that certain regulations were pertinent to his request to reopen his claim. The Court of Appeals for Veterans Claims held that the regulations were not relevant to whether new and material evidence had been submitted. The Court of Appeals for Veterans Claims also .held that the court’s rule regarding expeditious treatment of cases applies only to court proceedings and not to Board proceedings. The Court of Appeals for Veterans Claims further held that there had not been an unreasonable delay at the Board.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Chavez argues that the Court of Appeals for Veterans Claims should have applied certain regulations to his request to reopen based on new and material evidence and that that court did not fairly evaluate his new evidence. Those arguments and Chavez’s other arguments regarding whether he submitted new and material evidence amount to a factual challenge or the application of the law to the facts. Barnett v. Brown, 83 F.3d 1380, 1383-84 (Fed.Cir.1996) (determination of whether evidence is new and material is a factual determination or the application of the law to the facts of a particular case). Additionally, Chavez makes no nonfrivolous constitutional challenges.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted. The appeal is dismissed.
(2) Chavez’s motion for an extension of time is granted.
(3) Each side shall bear its own costs.