NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7098

ROBERT L. WELLS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Darla J. Lilley, of Hughes Springs, Texas, for claimant-appellant.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Kirk T. Manhardt, Assistant Director.   Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amy M. McAtee, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7098

ROBERT L. WELLS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-2294, Judge Ronald M. Holdaway.

_____

DECIDED:    December 10, 2008
_____

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Robert L. Wells ("Wells") appeals from a decision of the Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board") that denied Wells's application to reopen his claim of service connection for a back disorder. Wells v. Peake, No. 06-2294 (Vet. App. Mar. 14, 2008). We dismiss for lack of jurisdiction.

BACKGROUND

Wells served in the United States Army from January 1955 to January 1958. In April 1960, two years after his discharge, Wells sought treatment for a herniated disc at a VA hospital. Records from the visit indicate that Wells reported that a truck tire had

struck his hip in November, 1957.  He also reported that x-rays of his spine were taken at the base hospital and that he received a back support and medication in 1957, but that he continued to have bouts of back pain.  However, Wells's enlistment examination, service medical records, and separation examination did not indicate any complaints of or treatment for a back condition.

In May 1960 Wells filed a claim alleging that he had sustained an in-service back injury in November 1957.  In September 1960 the regional office denied Wells's claim, noting that the available records showed that he had first sought treatment for a back condition in 1960, did not show that a back condition had been treated during his service, and did not show that a back condition was recorded during his discharge examination.  After noting that no additional records had been found to support Wells's claim, the regional office confirmed the denial in April 1962.  Wells did not appeal this decision, which became final.

In applications filed in 1999 and an informal claim filed in 2000, Wells sought to reopen his claim of service connection for his back injury on the grounds of new and material evidence.  See 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a) (2000).[1]  After several years of proceedings and evidentiary development, Wells's application to reopen his claim was heard before the Board.  Among other evidence, Wells submitted for consideration lay statements from family and friends indicating that he had back pain when he came home from service in 1958, outpatient treatment and Social Security records indicating a back injury, two 2004 medical statements from VA doctors for

---

[1]        Because Wells's claim was filed before the August 29, 2001, amendment to 38 C.F.R. § 3.156(a), which applied prospectively, the Board applied the previous version of the regulation.

purposes of demonstrating a nexus to service, and treatise evidence. In a decision dated July 7, 2006, the Board denied the application to reopen the claim, finding that "[t]he evidence submitted since the [1962 final] decision, is cumulative or not competent or relevant."

In particular, the Board noted that at the time of the 1962 final denial of Wells's claim, the record contained no evidence of an in-service back injury or disease other than Wells's own statements. It found that the newly submitted lay statements and post-service treatment records were cumulative because they "only show[ed] that the veteran had a post-service back disability," which was a fact "already in evidence at the time of the prior denial." In addition, the Board found that the 2004 medical statements from VA doctors were not material because they were answers to hypothetical questions posed by Wells, not medical opinions competent to show that he suffered injury in service. The doctors were asked to agree or disagree with a statement expressly premised on the assumption that Wells "suffered an original back injury during service in November 1957," a factual premise rejected by the original denial of the claim and not proved by any of the new evidence submitted by Wells. Because the new evidence was cumulative or did not show an in-service disease or injury related to the back, the basis for the 1962 denial of service connection, the Board did not reopen the claim.

On March 14, 2008, the Veterans Court affirmed the decision of the Board, finding that the Board did not clearly err in determining that the new evidence was not material. From the judgment of the Veterans Court, entered April 10, 2008, Wells timely appealed.

DISCUSSION

Our review of decisions of the Veterans Court is limited. We decide "relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Id. § 7292(d)(2); see also Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996).

While acknowledging this court's limited jurisdiction, Wells contends that review is proper in this case because the Veterans Court "incorrectly interpreted 38 U.S.C. § 5108 as requiring [Wells] to submit either service medical or personnel records to reopen his previously disallowed claim." Arguing that "no provision in any VA statute or regulation applicable in this case" limits the ability of "the veteran to reopen his claim with other types of evidence," Wells contends that the decision of the Veterans Court presents an error of law within our jurisdiction.

We disagree with this characterization of the decision of the Veterans Court. Nothing in that opinion indicates that the statute was interpreted to exclude evidence other than Wells's service medical or personnel records.

To be sure, there are some statements in the Board's opinion and the Veterans Court's opinion that might be read to suggest that post-discharge evidence is not pertinent to whether the veteran suffered a disease or injury during his period of service. If that were the ground for decision it would, of course, not be sustainable. Evidence post-dating discharge cannot be ruled out as evidencing a disease or injury during service. However, we do not read the opinions as adopting any such broad rule.

Rather, we think the Board simply held that the particular evidence submitted by Wells was either not probative at all (because it did not purport to provide evidence of his condition during service) or was merely cumulative of evidence already submitted as to his condition upon discharge. The Board discussed the various new statements and records submitted by Wells and offered reasoned explanations for why it concluded that the submitted evidence was not material on these facts. It simply found that the particular evidence submitted by Wells in this instance was insufficient. The Veterans Court held that the Board's decision was not clearly erroneous.

At bottom, Wells is challenging a determination that the evidence submitted was not sufficiently new and material to warrant reopening his claim of service connection. "[T]he question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." Barnett, 83 F.3d at 1383; see also Prillaman v. Principi, 346 F.3d 1362, 1367 (Fed. Cir. 2003) (holding that the Veterans Court properly reviews "new and material" determinations of the Board under a clear error standard due to their fact-intensive nature).

Accordingly, the appeal is dismissed for lack of jurisdiction.

COSTS

No costs.