NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TITUS D. MILBURN, SR.,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7043

---

Appeal from the United States Court of Appeals for Veterans Claims in case No. 09-2608, Chief Judge Bruce E. Kasold.

---

Decided: March 13, 2012

---

EVA I. GUERRA, Law Offices of Eva I. Guerra, of White Lake, Michigan, for claimant-appellant.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director,

and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and LARA K. EILHARDT, Attorney, United States Department of Veterans Affairs, of Washington, DC.

––––––––––––––––

Before LINN, PROST, and WALLACH, *Circuit Judges*.

PER CURIAM.

Titus D. Milburn, Sr. appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals ("Board") denying his earlier effective date ("EED") claim for service-connected paranoid schizophrenia. Because we cannot review the Veterans Court's findings of fact and application of law to fact, we dismiss Mr. Milburn's claim for lack of jurisdiction.

I.

Mr. Milburn served on active duty from November 1973 to April 1974, from August 1975 to January 1976, and from January 1979 to March 1979. Believing he had a nervous condition, Mr. Milburn applied on July 7, 1977 for service-connected benefits to a Veterans Affairs ("VA") Regional Office ("RO"). The RO denied Mr. Milburn's claim in November 1977. On August 6, 1996, Mr. Milburn successfully applied to re-open his claim for benefits. In January 2005, the RO granted Mr. Milburn a 100-percent service-connected benefit rating for paranoid schizophrenia. In May 2005, the RO adjusted the effective date of that award to August 6, 1996. Mr. Milburn subsequently filed a Notice of Disagreement claiming that he was entitled to an EED of his benefit. The Board denied Mr. Milburn's EED claim, and he appealed the Board's decision to the Veterans Court where the parties filed a joint

motion to remand the case back to the Board.  In that
motion, the parties asked the Board "to consider whether
an EED was available pursuant to 38 C.F.R. §§ 3.156(c)
(2005) and 3.400(q)(2) (2005)" and stated that "the Board
should also consider whether an EED is available under
section 3.156(c) in light of any service medical records
that may have been received after the original November
1977 denial of service connection."[1]  The Veterans Court
granted the joint motion.  On remand, in a decision dated
June 9, 2009, the Board again denied Mr. Milburn's EED
claim.  Mr. Milburn appealed the Board's decision and the
Veterans Court affirmed. *Milburn v. Shinseki*, Case No.
09-2608, 2010 WL 3839456, at *2 (Vet. App. Oct. 4, 2010).
Mr. Milburn filed a timely notice of appeal with this court.

## II.

We have limited jurisdiction to review rulings of the
Veterans Court.  The jurisdictional statute, 38 U.S.C. §
7292, authorizes review of "all relevant questions of law,"
*id.* at 7292(d)(1), but provides that except to the extent

---

[1]    Section 3.156(c) (2005) states:
Where the new and material evidence consists of
a supplemental report from the service depart-
ment, received before or after the decision has be-
come final, the former decision will be
reconsidered by the adjudicating agency of origi-
nal jurisdiction . . . .  The retroactive evaluation of
disability resulting from disease or injury subse-
quently service connected on the basis of the new
evidence from the service department must be
supported adequately by medical evidence.
Where such records clearly support the assign-
ment of a specific rating over a part or the entire
period of time involved, a retroactive evaluation
will be assigned accordingly except as it may be
affected by the filing date of the original claim.
38 C.F.R. § 3.156(c) (2005).

that an appeal presents a constitutional issue, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," *id.* at 7292(d)(2).

On appeal, Mr. Milburn argues that the Veterans Court erred in affirming the Board's decision for three reasons. First, Mr. Milburn contends that the Board erred when it ruled that a report from non-judicial punishment he received in 1975 under Article 15 of the Uniform Code of Military Justice, 10 U.S.C. § 815 (the "Article 15 report"), was not a relevant official service department record to warrant an EED. Second, Mr. Milburn avers that the Board failed to properly apply Sections 3.156(c) and 3.400(q)(2) when it did not find the Article 15 report and five Reports of Medical History he completed in 1975 to be "new and material" documents warranting an EED. Third, Mr. Milburn argues that the Veterans Court's decision should be reversed because the Board failed to comply with the remand order when it did not address the Reports of Medical History in its June 2009 decision.

To begin, we do not have jurisdiction to review whether the Article 15 report was relevant to Mr. Milburn's benefit or EED claim. This court does not have jurisdiction to review the Veterans Court's factual determinations or the application of facts to the law. 38 U.S.C. § 7292(d)(2). Mr. Milburn claims that the Article 15 report shows that he was struck in the head by a fellow soldier, a service-connected injury that led in part to his disability. The Board, however, looked to the Article 15 report and found that "the four corners of the report does not reveal any reference whatsoever to a beating." The Board's determination, which was upheld by the Veterans Court, is a fact-based evidentiary determination beyond

the scope of our review.[2]  Similarly, we do not have jurisdiction to review the Veterans Court's determination that the Board did not err in ruling that the Article 15 report and Reports of Medical History are not "new and material."  Whether the documents constituted "new and material" evidence is a question of fact or a question of fact applied to law. *See Barnett v. Brown*, 83 F.3d 1380, 1383-84 (Fed. Cir. 1996).  Thus, we do not have jurisdiction to review these determinations.

Lastly, this court does not have jurisdiction to review the Veterans Court's decision that the Board complied with its remand order.  To determine whether the Board complied with the remand would require us to look to a factual determination. *See Dyment v. Principi,* 287 F.3d 1377, 1381 (Fed. Cir. 2002) (holding that whether there was compliance with a remand order "challenges the decision of the Veterans Court on a factual matter, as to which this court does not have jurisdiction").  Thus, we may not entertain Mr. Milburn's third argument.

---

[2]    There is no constitutional issue in this case that would allow us to review the Board's factual findings. *See* 38 U.S.C. § 7292(d)(2).  Mr. Milburn contends the Board's failure to grant him an EED based on the Article 15 report and Reports of Medical History amounts to a violation of his due process rights.  The Board has considered Mr. Milburn's EED claim based on all evidence deemed relevant, new, and material.  The fact that the Board found adverse to Mr. Milburn is not a constitutional deficiency. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that a "due process" label on a contention that the veteran should have prevailed in a claim is not a valid constitutional issue).

## III.

Because Mr. Milburn's appeal asks this court to review factual determinations, we dismiss for lack of jurisdiction.

**DISMISSED.**

No costs.