NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**CLIFTON ASKEW,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7010

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-3609, Judge John J. Farley, III.

---

Decided: April 6, 2012

---

CLIFTON ASKEW, of Cleveland, Ohio, pro se.

SARAH M. BIENKOWSKI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief was MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel,

United States Department of Veterans Affairs, of Washington, DC.

———————————————

PER CURIAM.

Clifton Askew ("Askew") appeals a U.S. Court of Appeals for Veterans Claims ("Veterans Court") decision, *Askew v. Shinseki*, No. 10-3609, 2011 WL 4490130 (Vet. App. Sept. 29, 2011). The Veterans Court affirmed a July 2010 Board of Veterans' Appeals ("Board") decision, which held that Askew had not submitted new and material evidence sufficient to reopen a claim for service connection for a back disability. We *dismiss*.

## BACKGROUND

Askew entered active duty service in the United States Marine Corps in April 1978. Askew's entrance examination in April 1978 showed a normal spine and musculoskeletal system. In May 1978, Askew fell while on duty during training on an obstacle course. A service medical record ("SMR") from May 1978 recorded low back pain lasting for two weeks. Another SMR from May 1978 contained an impression of muscle strain due to trauma on the obstacle course. X-rays were ordered and revealed developmental conditions including bilateral spondylolysis, spondylolisthesis of vertebrae L5-S1, and spina bifida occulta of L5. As a result, Askew was diagnosed with mechanical low back pain secondary to the developmental conditions discovered by the x-rays. Due to the developmental conditions, Askew was notified that he was physically qualified for separation from service. Askew left the service in June 1978.

In March 1979, Askew filed a claim for entitlement to service connection for a back disability. In April 1980, a Department of Veterans Affairs ("VA") regional office

("RO") denied Askew's claim after determining that Askew's back pain was secondary to the diagnosed developmental conditions. The RO explained that the spondylolysis, spondylolisthesis, and spina bifida occulta were developmental abnormalities, and as such, could not be considered service-connected disabilities. Askew did not appeal the RO's April 1980 decision.

In July 2005, Askew filed an application to reopen his claim for entitlement to service connection for his back disability. Askew submitted both private and VA medical records indicating that he had a current back disability. In February 2006, the RO found that no new and material evidence sufficient to reopen a claim had been submitted.

Askew appealed the RO's February 2006 decision to the Board. Askew testified at a May 2010 hearing before the Board that he had no back problems and no knowledge of any defect in his back prior to his service, and that his condition was the result of a 30-foot fall on an obstacle course while on active duty. In a July 2010 decision, the Board found that Askew had not submitted new and material evidence sufficient to reopen his claim for entitlement to service connection for his back disability. Specifically, the Board found that the evidence submitted since the April 1980 RO decision was cumulative of evidence already in the record and did not raise a reasonable possibility of substantiating the claim. Askew subsequently appealed to the Veterans Court.

The Veterans Court agreed with the Board that the evidence submitted since the RO's April 1980 decision, including Askew's testimony before the Board in May 2010, was cumulative of prior evidence in the record. The Veterans Court noted that the Board had erroneously stated that laypersons, such as Askew, were categorically incompetent to testify on a matter requiring medical

knowledge. The Veterans Court explained that before excluding lay testimony, the Board must first determine whether the disability is the type for which lay evidence is competent. However, the Veterans Court found this error not to be prejudicial because the Board's ultimate decision declining to reopen Askew's claim was based on the fact that Askew's new evidence, including his May 2010 testimony before the Board, was cumulative of evidence already in the record at the time of the RO's April 1980 decision. Thus, the Veterans Court affirmed the Board's decision denying Askew's application to reopen his claim. Askew timely appealed to this court.

## DISCUSSION

Under 38 U.S.C. § 7292(c), our jurisdiction to review Veterans Court decisions is limited to "challenge[s] to the validity of any statute or regulation or any interpretation thereof." We may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case" unless the appeal "presents a constitutional issue." *Id.* § 7292(d)(2); *see Guillory v. Shinseki*, 603 F.3d 981, 986 (Fed. Cir. 2010).

Askew claims that his March 1979 claim should be reopened because of new and material evidence. *See* 38 U.S.C. § 5108. VA regulations state that "[n]ew and material evidence can be neither cumulative nor redundant of the evidence of record . . . and must raise a reasonable possibility of substantiating the claim." 38 C.F.R. § 3.156(a).

Askew does not challenge the validity or interpretation of the applicable statutes and regulations. Askew argues that the Board ignored new evidence that he had submitted with regard to his back condition. The Board's determination that the new evidence was cumulative and immaterial is a factual issue outside the scope of our

review.  *See* 38 U.S.C. § 7292(d)(2); *see also Barnett v. Brown*, 83 F.3d 1380, 1383-84 (Fed. Cir. 1996).  This court is without jurisdiction.

COSTS

No costs.