NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LUCY B. GABRIEL,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7091

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1333, Judge Lawrence B. Hagel.

---

Decided: October 14, 2015

---

LUCY B. GABRIEL, Balch Springs, TX, pro se.

ANAND R. SAMBHWANI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR.; BRIAN D. GRIFFIN, BRYAN W. THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Lucy Gabriel, the surviving spouse of Bobby Lee Gabriel, appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision by the Board of Veterans' Appeals ("Board") finding that new and material evidence had not been submitted to reopen a previously denied claim for benefits based on Mr. Gabriel's death. Because Ms. Gabriel's appeal does not raise an issue of law, we dismiss for lack of jurisdiction.

## BACKGROUND

Mr. Gabriel was a Vietnam-era veteran who served on active duty in the United States Air Force from May 1961 to October 1965. Mr. Gabriel died in 2002. His death certificate indicated that his death was likely caused by pneumonia and diffuse B-cell lymphoma.

In January 2003, Ms. Gabriel filed a claim for dependency and indemnity compensation benefits based on the cause of Mr. Gabriel's death. To support her claim, she provided a statement by Mr. Gabriel that his B-cell lymphoma was caused by his exposure to Agent Orange when he worked on planes that dropped Agent Orange over Vietnam. The Veterans Affairs regional office denied Ms. Gabriel's claim. Ms. Gabriel appealed the regional office's decision to the Board, and in August 2005, the Board denied Ms. Gabriel's claim. The Board found that no evidence established that Mr. Gabriel served in Vietnam or that Mr. Gabriel was exposed to Agent Orange. Ms. Gabriel did not appeal that decision to the Veterans Court.

In December 2011 and again in February 2013, Ms. Gabriel requested that the regional office reopen her

previously denied claim. Ms. Gabriel continued to assert that Mr. Gabriel was exposed to Agent Orange during his Vietnam-era service. To support her claim, she provided Mr. Gabriel's service records, two articles discussing Agent Orange, a letter from the New Jersey Agent Orange Commission, a November 2005 letter from the United States Army regarding another service member's alleged exposure to Agent Orange in Vietnam, and a personnel record indicating that Mr. Gabriel serviced F-100 aircraft in Germany. In July 2012, the regional office declined to reopen Ms. Gabriel's claim, finding that new and material evidence had not been submitted. Ms. Gabriel appealed that decision to the Board, and the Board affirmed. Ms. Gabriel's appeal to the Veterans Court followed.

The Veterans Court affirmed the Board's conclusion that new and material evidence had not been submitted. The court explained that Ms. Gabriel's request to reopen her previously denied claim was based in part on evidence that was before the Board when it made its August 2005 decision. The Veterans Court also explained that the additional evidence submitted by Ms. Gabriel was not new and material because the evidence did not indicate that Mr. Gabriel was exposed to Agent Orange or that his B-cell lymphoma was related to his service. The Veterans Court affirmed the Board's decision, and Ms. Gabriel's appeal to this court followed.

## DISCUSSION

We have jurisdiction under 38 U.S.C. § 7292 to review decisions of the Veterans Court on issues of law but not on issues of fact or application of law to fact. *Morris v. Shinseki*, 678 F.3d 1346, 1351 (Fed. Cir. 2012) (citing *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc)). "[W]hether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to

'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996).

Ms. Gabriel argues that the Veterans Court incorrectly applied the regulation defining new and material evidence, 38 C.F.R. § 3.156(a), but we find no indication that the Veterans Court made a legal determination concerning this regulation. *See Forshey*, 284 F.3d at 1349 ("interpretation of a statute or regulation occurs when its meaning is elaborated by the court"). Ms. Gabriel also asserts that the Veterans Court decided a constitutional issue, but Ms. Gabriel's constitutional argument suggests only that the Veterans Court failed to consider additional evidence of Mr. Gabriel's service-connected death. The Court does not have jurisdiction over factual issues labeled as constitutional. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("characterization of . . . [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack"). The Veterans Court decision thus raises no legal issues within our jurisdiction.

## DISMISSED

### COSTS

No costs.