﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 190605-16610
DATE: February 27, 2020

ORDER

The appeal of the denial of service connection for bilateral hearing loss is dismissed.

The appeal of the denial of service connection for tinnitus is dismissed.

FINDINGS OF FACT

1. The request for a Board appeal pursuant to the Appeals Modernization Act (AMA) of the October 2018 rating decision denying service connection for bilateral hearing loss was not proper.

2. The request for a Board appeal pursuant to the AMA of the October 2018 rating decision denying service connection for tinnitus was not proper.

CONCLUSIONS OF LAW

1. The Board lacks jurisdiction to consider the issue of service connection for bilateral hearing loss under the AMA. 38 C.F.R. §§ 3.2400, 3.2500, 19.2.

2. The Board lacks jurisdiction to consider the issue of service connection for tinnitus under the AMA. 38 C.F.R. §§ 3.2400, 3.2500, 19.2.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1962 to May 1966. 

In October 2019, the Veteran testified at a Board videoconference hearing. A transcript of the hearing has been associated with the virtual file and reviewed.

The appeals for the denials of service connection for bilateral hearing loss and tinnitus are dismissed for lack of jurisdiction under the AMA system.

The Board notes that in October 2018, the Agency of Original Jurisdiction (AOJ) issued a rating decision, and mailed a notification letter, denying service connection for bilateral hearing loss and tinnitus. In June 2019, within one year of the rating decision, the Veteran filed a VA 10182 Board Appeal: Notice of Disagreement requesting a hearing and adjudication of his appeal under the AMA system. VA did not inform the Veteran that he submitted the incorrect form, no RAMP opt-in was filed, no statement of the case (SOC) was issued, and no Form 9 was filed. 

It is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each issue before adjudicating the merits and that, once apparent, a potential jurisdictional defect may be raised by the court, tribunal, or any party, sua sponte, at any state in the proceedings. Barnett v. Brown, 83 F.3d 1380, 1383 (1996). 

An AMA appeal comes before the Board in one of the following three ways: (1) an appeal of a Rapid Appeals Modernization Program (RAMP) rating decision; (2) an appeal of a rating decision with a notification letter dated on or after February 19, 2019; or (3) an appeal of a SOC or supplemental SOC (SSOC) issued on or after February 19, 2019. 38 C.F.R. § 19.2(d) (eff. Feb. 19, 2019); 38 C.F.R. § 3.2400.

In the present case, the Veteran did not file a RAMP opt-in, a RAMP rating decision was not issued, the notification letter for the October 2018 rating decision was issued prior to February 19, 2019, and an SOC was not issued. Additionally, the Veteran’s submission of a 10182 was not sufficient to grant the Board jurisdiction under the AMA system. 38 C.F.R. § 19.2(d). The Board, accordingly, does not have jurisdiction to adjudicate these under the AMA system and the appeals are dismissed.

 

 

JAMES L. MARCH

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Straughn, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.