NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAMAR BERRY,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2020-1610

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-5579, Senior Judge William A. Moorman.

_____

Decided:  July 10, 2020

_____

LAMAR BERRY, Austin, TX, pro se.

MARIANA TERESA ACEVEDO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by ETHAN P. DAVIS, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.

_____

Before MOORE, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Lamar Berry appeals a United States Court of Appeals for Veterans Claims (Veterans Court) decision dismissing his clear and unmistakable error (CUE) claims for lack of jurisdiction, and affirming the Board of Veterans Appeals' refusal to reopen his claims for service connection. *Berry v. Wilkie*, No. 18-5579, 2019 WL 4892225 (Vet. App. October 4, 2019). Because we conclude that the Veterans Court properly dismissed the CUE claims, and because we lack jurisdiction to review the Veterans Court's decision regarding reopening the service connection claims, we *affirm in part* and *dismiss in part*.

## BACKGROUND

Mr. Berry served on active duty in the U.S. Army from October 1972 to October 1975. S.A. 14. Starting in November 1976, Mr. Berry filed several benefits claims for service connection for headaches, back and stomach conditions, and prostate cancer. *Id.* at 2–3, 14–15. The regional office (RO) denied the claims, and the decisions became final when Mr. Berry did not appeal. Mr. Berry sought to reopen his claims, but the RO denied his request, finding Mr. Berry did not provide new and material evidence to support reopening.

Mr. Berry filed a notice of disagreement alleging CUE in the previous rating decisions. In response, the RO issued a statement of the case denying Mr. Berry's request to reopen his claims. The RO also issued a deferred rating decision acknowledging that Mr. Berry submitted CUE claims, but noting that he did not submit the proper forms. *Id.* Mr. Berry did not take any action after the RO sent him a letter instructing him to submit the claims using the proper forms and to respond within 30 days. *Id.* at 15–16. Instead, Mr. Berry appealed the denial of his reopen requests to the Board. The Board denied reopening those

claims because Mr. Berry did not submit new and material evidence. *Id.* at 2–11. The Board did not, however, address Mr. Berry's CUE claims.

Mr. Berry appealed the Board's decision to the Veterans Court. *Id.* at 16–17. The Veterans Court affirmed the Board's decision denying the request to reopen claims because Mr. Berry did not identify "any new evidence submitted that raised a reasonable possibility of substantiating any of his claims on appeal." *Id.* at 17. Additionally, the Veterans Court dismissed Mr. Berry's CUE claim after determining that it lacked jurisdiction to consider CUE claims the Board did not address. Mr. Berry appeals.

## DISCUSSION

Our jurisdiction is limited when reviewing Veterans Court decisions. We have jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent an appeal raises a constitutional issue, we may not review "a challenge to a factual determination, or [] a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). "The jurisdictional reach of the Veterans Court presents a question of law for our plenary review." *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000)

The Veterans Court correctly held that it lacked jurisdiction over Mr. Berry's CUE claim. A CUE claim "must be the subject of a decision by the [Board] before the Veterans Court can exercise jurisdiction over it." *Andre v. Principi*, 301 F.3d 1354, 1361 (Fed. Cir. 2002). The Veterans Court found that Mr. Berry's CUE claim was not part of the Board's decision, a factual finding we lack jurisdiction to review. *See Comer v. Peake*, 552 F.3d 1362, 1372 (Fed. Cir. 2009) ("Whether a veteran has raised a particular claim is a factual determination, outside the purview of our

appellate authority."). We therefore affirm the Veterans Court's determination that it lacked jurisdiction over Mr. Berry's CUE claim.

We lack jurisdiction to review Mr. Berry's challenge to the Veterans Court's affirmance of the Board's denial of his request to reopen his disability claims. "[T]he question of whether evidence in a particular case is 'new and material' is either a 'factual determination' under section 7292(d)(2)(A) or the application of law to 'the facts of a particular case' under section 7292(d)(2)(B) and is, thus, not within this court's appellate jurisdiction." *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996). Accordingly, we dismiss Mr. Berry's challenge to this finding for lack of jurisdiction.

## CONCLUSION

We have considered Mr. Berry's remaining arguments, but find them to be unpersuasive or beyond our jurisdiction to review. For the reasons above, we *affirm in part* the Veterans Court's decision and *dismiss in part* the appeal.

## AFFIRMED IN PART AND DISMISSED IN PART

### COSTS

No costs.