NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FRANCOIS G. DUMAINE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-2332

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-3414, Judge Joseph L. Falvey, Jr.

_____

Decided:  May 10, 2022

_____

FRANCOIS G. DUMAINE, Venice, FL, pro se.

REBECCA SARAH KRUSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, MARTIN F. HOCKEY, JR.

_____

Before TARANTO, CLEVENGER, and CHEN, *Circuit Judges*.

PER CURIAM.

Francois G. Dumaine appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of his request to reopen his disability benefits claim for type 2 diabetes mellitus. *See Dumaine v. McDonough*, No. 20-3414, 2021 WL 2669283 (Vet. App. June 30, 2021). For the reasons below, we dismiss for lack of jurisdiction.

I

Mr. Dumaine served on active duty from March 1966 to December 1967, and from January to December 1967, he was stationed at the joint U.S. Army/U.S. Air Force/Royal Thai Air Force base near Korat, Thailand. *Dumaine*, 2021 WL 2669283, at *1. In August 1997, Mr. Dumaine was diagnosed with type 2 diabetes mellitus. *Id.* Approximately five years later, he filed a disability benefits claim with the U.S. Department of Veterans Affairs ("VA") seeking service connection for his diabetes on the basis that he was exposed to Agent Orange while stationed in Thailand. *Id.* After the VA regional office ("RO") denied his claim, Mr. Dumaine appealed to the Board. *Id.* at *1–2. The case went between the RO and the Board several times over the next decade. *Id.* Finally, in September 2013, the Board denied service connection after finding that Mr. Dumaine was not exposed to any herbicides during his service. *Id.* at *2. Because Mr. Dumaine did not appeal the September 2013 Board decision, that decision became final. *Id.*

In October 2016, Mr. Dumaine filed another claim for disability benefits based on the same theories of Agent Orange exposure that he previously presented. *See id.*; *see also* J.A. 20. The RO construed Mr. Dumaine's filing as a request to reopen his original claim and denied that request after finding Mr. Dumaine had not presented any

new and material evidence. *Dumaine,* 2021 WL 2669283, at *2. Mr. Dumaine appealed to the Board, which likewise concluded there was no new and material evidence and denied the request to reopen. *Id.* Mr. Dumaine then appealed to the Veterans Court. *Id.* Reviewing the Board's decision for clear error, the Veterans Court found none and affirmed the Board's denial of Mr. Dumaine's request to reopen. *Id.* at *3–4. Mr. Dumaine now appeals the Veterans Court's decision.

II

As set forth in 38 U.S.C. § 7292(d)(2), we have limited jurisdiction to review decisions of the Veterans Court. Except to the extent that an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We have jurisdiction, however, to "decide all relevant questions of law." *Id.* § 7292(d)(1). Because we lack jurisdiction over the only issue presented by Mr. Dumaine, we accordingly dismiss this appeal.

Mr. Dumaine fails to raise a question of law pertinent to this appeal. He alleges in his informal brief that the Veterans Court's decision "involve[d] the validity or interpretation of" two statutes, 38 U.S.C. §§ 7252(a) and 7266(a), and one Veterans Court case, *Frankel v. Derwinski,* 1 Vet. App. 23 (1990), noting without further explanation that "new and material evidence was submitted." Appellant's Br. at 1. But, contrary to what Mr. Dumaine suggests, the Veterans Court did not rely on, let alone interpret, the authority he identifies in concluding that there was no clear error in the Board's decision. For instance, 38 U.S.C. § 7252(a) grants the Veterans Court "exclusive jurisdiction to review decisions of the Board," and 38 U.S.C. § 7266(a) sets the deadline by which a notice of appeal must be filed at the court. *Frankel,* in addition to holding that a religious marriage ceremony is irrelevant to determining eligibility

for spousal death pension benefits, establishes the procedure by which a single Veterans Court judge would consider and decide cases identified for summary disposition. 1 Vet. App. at 25–26. Here, the Veterans Court cited the two statutes and *Frankel* to establish its jurisdiction over the underlying Board decision and the appropriateness of single-judge disposition, respectively. *Dumaine*, 2021 WL 2669283, at *1.

The remainder of Mr. Dumaine's informal brief consists of factual allegations directed to disputing the VA's position that Agent Orange was not used or stored at the Korat base and to establishing the merits of his claim. Appellant's Br. at 2; *see also* Appellant's Reply Br. at 1–3. He requests that we "overturn the VA's decision in this matter" and direct the VA to award him a 60% disability rating retroactive to 1967. Appellant's Br. at 3. But the merits of Mr. Dumaine's claim are not on appeal and, in any event, we lack jurisdiction over such a challenge. *See* 38 U.S.C. § 7292(d)(2). The same is true with respect to Mr. Dumaine's argument that "new and material evidence was submitted" warranting reopening his claim. Appellant's Br. at 1. As we have previously held, this is "an issue that is 'either a factual determination [ ] or the application of law to the facts of a particular case [ ] and is, thus, not within this court's appellate jurisdiction.'" *Melo v. Wilkie*, 742 F. App'x 502, 504 (Fed. Cir. 2018) (quoting *Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996)); *see also* 38 U.S.C. § 7292(d)(2).

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.