Citation Nr: 1212954 
Decision Date: 04/10/12 Archive Date: 04/19/12

DOCKET NO. 09-13 085 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUE

1. Whether new and material evidence has been submitted to reopen a previously-denied service-connection claim for an acquired psychiatric disability, to include a generalized anxiety disorder (formerly claimed as a nervous condition). 

2. Entitlement to service connection for an acquired psychiatric disability, to include generalized anxiety disorder.


REPRESENTATION

Appellant represented by: The American Legion


WITNESSES AT HEARING ON APPEAL

Veteran and his case manager


ATTORNEY FOR THE BOARD

Tahirih S. Samadani, Counsel


INTRODUCTION

The Veteran served on active duty from June 1977 to October 1977 and from January 1980 to September 1982.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine. Jurisdiction over this case was later transferred to the RO in Denver, Colorado. 

The Board has a legal duty to address the "new and material evidence" of 38 C.F.R. § 3.156 requirement regardless of the actions of the RO. Barnett v. Brown, 8 Vet. App. 1, 4 (1995), aff'd 83 F.3d 1380 (Fed. Cir. 1996); see also McGinnis v. Brown, 4 Vet. App. 239, 244 (1993). 

The Board will therefore preliminarily consider the claim under the provisions of 38 C.F.R. § 3.156, concerning the submission of new and material evidence to reopen a claim.

In March 2011, the Veteran testified at the RO before the undersigned Veterans Law Judge. A transcript of the proceeding is of record. 

Of preliminary importance, in Clemons v. Shinseki, 23 Vet. App. 1 (2009) the United States Court of Appeals for Veterans Claims (Court) held that, when the Veteran specifically requests service connection for PTSD, but the medical record includes other psychiatric diagnoses, the claim may not be narrowly construed as only a PTSD claim, and should be considered as a claim for a psychiatric disorder.

In light of this holding and the fact that the Veteran has been diagnosed with several psychiatric disabilities, including a bipolar disorder and an anxiety disorder, the issue has been recharacterized above as entitlement to service connection for a psychiatric disability, to include a generalized anxiety disorder. 

As discussed in more detail below, the Board is reopening the Veteran's service-connection claim for an acquired psychiatric disability; however, additional evidentiary development is necessary before the claim may be adjudicated on the merits. Thus, the Veteran's reopened acquired psychiatric disability claim is addressed in the REMAND portion of the decision below, and is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDINGS OF FACT

1. The Veteran's initial claim of service connection for a nervous condition was denied in an unappealed January 1984 decision of the RO.

2. The evidence received since the January 1984 decision is neither cumulative nor redundant of the evidence of record and raises a reasonable possibility of substantiating the claim of service connection for an acquired psychiatric disability.


CONCLUSION OF LAW

New and material evidence has been received to reopen the claim of service connection for an acquired psychiatric disability, to include a generalized anxiety disorder. 38 U.S.C.A. §§ 1310, 5103, 5103A, 5107, 5108, 7105 (West 2002 & Supp. 2011); 38 C.F.R. §§ 3.156, 3.159, 3.312 (2011).





REASONS AND BASES FOR FINDINGS AND CONCLUSION

Preliminarily, the Board notes that claim on appeal is being reopened and is subject to additional development on remand, as will be described. Accordingly, the Board will not further address the extent to which VA has fulfilled its notification and assistance requirements, found at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2011) and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2011), as further action is being requested in this case. 

I. Relevant law and regulations 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303 (2011). 

In general, VA rating decisions that are not timely appealed are final. See 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. § 20.1103 (2011). Pursuant to 38 U.S.C.A. § 5108, a finally disallowed claim may be reopened when new and material evidence is presented or secured with respect to that claim. 

New evidence is defined as evidence not previously submitted to agency decision-makers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. See 38 C.F.R. § 3.156(a) (2011). 

An adjudicator must follow a two-step process in evaluating a previously denied claim. First, the adjudicator must determine whether the evidence added to the record since the last final decision is new and material. If new and material evidence is presented or secured with respect to a claim that has been finally denied, the claim will be reopened and decided upon the merits. Once it has been determined that a claimant has produced new and material evidence, the adjudicator must evaluate the merits of the claim in light of all the evidence, both new and old, after ensuring that the VA's statutory duty to assist the appellant in the development of his claim has been fulfilled. See 38 U.S.C.A. § 5108 (West 2002); Elkins v. West, 12 Vet. App. 209 (1999); Vargas-Gonzalez v. West, 12 Vet. App. 321, 328 (1999). 

The Court of Appeals for Veterans Claims (the Court) has recently stated that the language of VA regulations does not require the submission of new and material evidence as to each previously unproven element of a claim for that claim to be reopened. See Shade v. Shinseki, 24 Vet. App 110 (2010). 

For the purpose of establishing whether new and material evidence has been submitted, the credibility of the evidence, although not its weight, is presumed. See Justus v. Principi, 3 Vet. App. 510, 513 (1992). 

II. Analysis 

In January 1984, the Veteran's claim for entitlement to service connection for a nervous condition was denied by the RO. The Veteran did not appeal this decision, and it became final. 38 U.S.C.A. § 7105 (West 2002); 38 C.F.R. §§ 3.104, 20.1103 (2011).

In essence, the RO denied the Veteran's claim because the STRs did not show treatment for a psychiatric disorder and because an acquired, chronic disorder was not diagnosed on VA psychiatric examination in June 1983 although atypical impulse control disorder was reported. The RO did note however that postservice treatment records showed diagnoses of schizophrenia (schizoaffective type), and bipolar disorder. Therefore, the Board's inquiry will be directed to the question of whether any additionally submitted [i.e. after January 1984] evidence bears directly and substantially upon these matters. 

Recent VA treatment records demonstrate that the Veteran now has a diagnosis for an anxiety disorder. See February 2008 VA outpatient treatment record. The Veteran has also been diagnosed and treated for several other psychiatric disabilities since January 1984, including bipolar disorder, personality disorder and attention deficit disorder. See September 1987 psychiatric examination, page 3; February 2010 VA outpatient treatment record; and May 1995 Disability Determination Results of Mental Status Examination, page 5.

Furthermore, the Veteran's case manager testified at the March 2011 Board hearing that there was a good chance that there was a correlation between the Veteran's anxiety disorder and his military service because he began his psychiatric medication within a year of his discharge from service and had incidents in service related to anger issues. See March 2011 Travel Board hearing transcript, page 8.

As indicated earlier, in light of the holding in Clemons, the issue on appeal has been recharacterized as entitlement to service connection for an acquired psychiatric disability. Therefore, the Board has considered evidence related not only to his generalized anxiety disorder but also to other psychiatric diagnoses.

Therefore, the Board finds that the above-referenced medical evidence and testimony constitute new and material evidence as to the issue on appeal. As noted above, for the sole purpose of establishing whether new and material evidence has been submitted, the credibility of the medical opinions, although not their weight, is presumed for the narrow purpose of determining whether sufficient evidence has been submitted to reopen the previously disallowed claim for service connection. See Justus, supra. 

This new evidence relates to unestablished facts necessary to substantiate the Veteran's acquired psychiatric claim, and presents a reasonable possibility of substantiating it. See 38 C.F.R. § 3.156 (2011). Accordingly, the Board finds that there is sufficient new and material evidence to reopen the Veteran's claim of entitlement to service connection for an acquired psychiatric disability. 

The Board wishes to make it clear that although there may be of record new and material evidence sufficient to reopen the claim, this does not mean that the claim must be allowed based on such evidence. In Hodge v. West, 155 F.3d 1356, 1363 (Fed. Cir. 1998), the United States Court of Appeals for the Federal Circuit noted that new evidence could be sufficient to reopen a claim if it could contribute to a more complete picture of the circumstances surrounding the origin of a Veteran's injury or disability, even where it would not be enough to convince the Board to grant a claim. 

For reasons which will be expressed below, the Board finds that additional development is required before the acquired psychiatric disability claim may be adjudicated on the merits. 


ORDER

As new and material evidence has been received to reopen the claim of service connection for an acquired psychiatric disability, to include generalized anxiety disorder, the appeal to this extent is allowed, subject to further action as discussed hereinbelow.


REMAND

After having carefully considered the matter, and for reasons expressed immediately below, the Board believes that the Veteran's service-connection claim for an acquired psychiatric disability must be remanded for further evidentiary development. 

In essence, the Veteran contends that his current psychiatric disability is related to his military service. The medical evidence shows that he has been diagnosed with several different psychiatric disabilities over the years, including schizophrenia, schizoaffective disorder, bipolar disorder and atypical impulse control disorders.

During the March 2011 Board hearing, the Veteran's case manager opined that his current anxiety disorder is related to his military service.

Although the case manager's opinion is considered new and material and his claim was reopened, the Board finds that a medical opinion is needed as to whether his current psychiatric disabilities are related to or aggravated by his military service. See Charles v. Principi, 16 Vet. App. 370 (2002); see also 38 C.F.R. § 3.159(c)(4) (2011) [a medical examination or opinion is necessary if the information and evidence of record does not contain sufficient competent medical evidence to decide the claim]. 

Accordingly, the case is REMANDED for the following action:

1. The RO should contact the Veteran and request that he identify any additional medical treatment he has received for his acquired psychiatric disabilities. The RO should take appropriate steps to secure copies of any such treatment reports identified by the Veteran which are not already in the record on appeal. Efforts to obtain these records should be memorialized in the Veteran's VA claims folder. 

2. The Veteran should be afforded a VA psychiatric examination. The claims folder, to include a complete copy of this REMAND, must be made available to the psychologist or psychiatrist designated to examine the Veteran, and a report of the examination should include discussion of the Veteran's medical history and assertions. All necessary tests and studies, to include psychological testing should be accomplished, and all clinical findings should be reported in detail. 

In reviewing the Veteran's claims file, the examiner should identify all psychiatric diagnoses. Then, the examiner should provide a medical opinion as to whether it is as likely as not that the Veteran has an acquired psychiatric disability that is related to, or had its onset in active duty service. 

A report should be prepared and associated with the Veteran's VA claims folder. 

The examiner is advised that the Veteran is competent to describe injuries and symptoms in service, regardless of the contents of the service treatment records, and that any such lay statements must be considered in providing the requested opinion. The rationale for any opinions should also be provided.

3. Following the completion of the foregoing, and after undertaking any other development it deems necessary, the RO should readjudicate the Veteran's service-connection claim. If the claim is denied, in whole or in part, the RO should provide the Veteran and his representative with a supplemental statement of the case (SSOC) and allow an appropriate period of time for response. Thereafter, the claims folder should be returned to the Board for further appellate review, if otherwise in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).






This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2011).




______________________________________________
MARK W. GREENSTREET 
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs