NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID A. MAYS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7140

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 12-3519, Judge Robert N. Davis.

---

Decided: February 12, 2014

---

DAVID A. MAYS, of Atlanta, Georgia, pro se.

MATTHEW P. ROCHE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MEGHAN D. ALPHONSO, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

PER CURIAM.

David Mays appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) denying his petition for a writ of mandamus. *Mays v. Shinseki*, No. 12-3519 (Ct. Vet. App. June 25, 2013). For the reasons stated below, we *dismiss* for lack of jurisdiction.

BACKGROUND

Mr. Mays was a member of the Reserve Officers' Training Corps (ROTC) from 1971 until 1973. When Mr. Mays completed his undergraduate degree in 1974, he signed an agreement with the U.S. Army to delay entry into active duty until September 1977 in order to attend dental school. Thereafter, Mr. Mays served on active duty from July 1978 to July 1980.

In 1981, Mr. Mays filed an application for educational benefits under 38 U.S.C. Chapter 34. The Department of Veterans' Affairs (VA) Regional Office (RO) denied his claim. It concluded that in order to be eligible for benefits under Chapter 34, Mr. Mays was required to have entered into active service prior to January 1, 1978. Mr. Mays filed an appeal to the Board of Veterans' Appeals (Board). The Board denied his claim. Mr. Mays did not appeal the Board's decision, and it became final.

In January 2009, Mr. Mays filed another claim for benefits pursuant to a variety of statutes. The RO denied his claim, and Mr. Mays filed a Notice of Disagreement (NOD). In March 2009, the RO issued a Statement of the Case (SOC) that again denied Mr. Mays' claim for benefits. Mr. Mays appealed to the Board, which affirmed the RO's denial of his claim for entitlement to benefits. The Veterans Court affirmed the Board's decision.

In November 2012, Mr. Mays filed a petition for a writ of mandamus with the Veterans Court. Mr. Mays alleged that the VA failed to communicate with him and failed to issue a Supplemental Statement of the Case (SSOC) after he submitted new evidence subsequent to the RO's March 2009 SOC. The VA countered that the petition was moot. It argued that Mr. Mays appealed the March 2009 SOC to the Board, and the Board's decision was affirmed by the

Veterans Court. The VA argued that because Mr. Mays' claim was fully processed, he was not entitled to a SSOC. In addition, in January 2013, the RO issued a decision finding that Mr. Mays did not submit any new and material evidence, and stated that "[a] photocopy or other duplication of information already contained in a VA claims folder does not constitute new evidence since it was previously considered." J.A. 5. Following the VA's response, Mr. Mays filed a "Motion for a Relevant/Definitive RO Response." He contended that the January 2013 RO decision did not contain an original signature and did not adequately explain what constitutes new evidence.

In June 2013, the Veterans Court denied Mr. Mays' petition for a writ of mandamus. First, the Veterans Court ruled that a SSOC was unwarranted because both the Board and Veterans Court issued decisions on Mr. Mays' appeal following the RO's March 2009 SOC, and the RO issued a decision concerning the recent evidence submitted by Mr. Mays. Second, the Veterans Court ruled that, even if Mr. Mays argued that the RO's January 2013 decision needed clarification, he did not have a right to the writ of mandamus from the Veterans Court. Instead, the Veterans Court stated that Mr. Mays should submit any arguments concerning alleged deficiencies of the January 2013 RO decision to the VA. Mr. Mays appeals.

DISCUSSION

We have jurisdiction to review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). We lack jurisdiction, however, to review a challenge to factual determinations or the application of a law or regulation to particular facts, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d). Our jurisdiction does not broaden in the context of a writ of mandamus. *See Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998) ("It is well established that the [All Writs Act] does not expand a court's jurisdiction.").

Mr. Mays contends that we have jurisdiction to review rules of finality. Mr. Mays relies on two statutes. First, he cites 38 U.S.C. § 5108, which provides that, "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim . . . ." Second, Mr. Mays cites § 7111(a), which provides that, "[a] decision by the Board is subject to revision on the grounds of clear and unmistakable error. If evidence establishes the error, the prior decision shall be reversed or revised." Mr. Mays also argues that the VA fabricated a government document, failed to respond to his "Motion for a Relevant/Definitive RO Response," and incorrectly ruled that he did not submit new evidence without validation or affidavit. Mr. Mays further argues that the VA deprived him of his Fifth Amendment right to Due Process. He contends that the RO should have issued a SSOC following its January 2013 decision, and should have provided an affidavit or declaration in support of the RO's decision, in order to adequately explain what constitutes new evidence under § 5108.

We conclude that our court lacks jurisdiction over this appeal. In denying Mr. Mays' petition, the Veterans Court did not make a decision on, or interpret, any aspect of § 5108 or § 7111(a), as is required to establish our jurisdiction under 38 U.S.C. § 7292(a). Indeed, the Veterans Court did not rely on either provision. Mr. Mays argues on appeal that it was an abuse of discretion for the Veterans Court to deny his writ of mandamus because he presented new evidence. The VA expressly addressed his argument and found that the evidence was not new. Whether evidence is "new and material" involves either a factual determination or the application of law to facts. *See Barnett v. Brown,* 83 F.3d 1380, 1383–84 (Fed. Cir. 1996). We lack jurisdiction to review this fact finding.[1] 38 U.S.C. § 7292(d).

---

[1] Mr. Mays nominally mentions a "due process" challenge. We do not believe that Mr. Mays has plausibly alleged a Fifth Amendment Due Process violation. *Helfer v. West,* 174 F.3d 1332, 1335 (Fed. Cir. 1999) (An appel-

CONCLUSION

We have considered Mr. Mays' remaining arguments on appeal, and conclude that they do not present an issue over which we have jurisdiction.

**DISMISSED**

---

lant's mere characterization of an appeal as "constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").