Citation Nr: 1641972 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 12-29 899 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of service connection for a left knee condition. 

2. Entitlement to service connection for a left knee disability. 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

T. Susco, Associate Counsel


INTRODUCTION

The Veteran served on active duty from October 1978 to December 1982, and from June 1987 to January 1991. The Veteran died in May 2016, and the appellant is the Veteran's surviving spouse. In July 2016, the appellant requested to be substituted as the claimant for purposes of processing the claim to completion. See 38 U.S.C.A. § 5121A; 38 C.F.R. § 3.1010; see also 79 Fed. Reg. 52977-85 (Sept. 5, 2014). In August 2016, the appellant's motion was granted. Accordingly, the appellant is substituted.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Honolulu, Hawaii. Jurisdiction over this appeal now lies with the VA RO in Montgomery, Alabama. 

In February 2014, the Veteran testified at a Travel Board hearing before the undersigned Acting Veterans Law Judge. A copy of the hearing transcript is associated with the claims file. 

This appeal was processed using the "Virtual VA" system and the "Veterans Benefits Management System" paperless claims processing system. Accordingly, any future consideration of the appellant's case should take into consideration the existence of this electronic record. 

The issue of service connection for a left knee disability is addressed in the REMAND portion of the decision below and is REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In a December 2006 rating decision, the RO denied service connection for a left knee condition. The Veteran did not initiate an appeal to this decision, nor submit new and material evidence within one year.

2. Additional evidence received since the December 2006 rating decision on the issue of service connection for a left knee condition is neither cumulative nor redundant, addresses the grounds of the prior final denial of service connection, and raises a reasonable possibility of substantiating the claim.


CONCLUSIONS OF LAW

1. The December 2006 rating decision is final. 38 U.S.C.A. §§ 5108, 7105(c) (West 2014); 38 C.F.R. §§ 3.104, 20.200, 20.302, 20.1103 (2015).

2. New and material evidence has been received to reopen the claim of entitlement to service connection for a left knee condition. 38 U.S.C.A. §§ 5108, 7105(c) (West 2014); 38 C.F.R. §§ 3.156, 20.1103 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veteran Claims Assistance Act of 2000 (VCAA), in part, describes VA's duties to notify and assist a claimant in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). The claim of whether new and material evidence has been received to reopen a claim of service connection for a left knee condition has been considered with respect to VA's duties to notify and assist. Given the favorable outcome in this decision that represents a full grant of this issue, further explanation of how VA has fulfilled the duties to notify and assist with respect to this issue is not necessary. See Bernard v. Brown, 4 Vet. App. 384, 394 (1993). 

New and Material Evidence Claims

Generally, a claim which has been denied in a final unappealed rating decision, or a rating decision that was appealed but was not perfected, may not thereafter be reopened and allowed. 38 U.S.C.A. §§ 7105(c), (d)(3); 38 C.F.R. § 20.1103. If "new and material" evidence is presented or secured with respect to a claim which has been disallowed, VA shall reopen the claim and review the former disposition of the claim. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). 

"[N]ew evidence" means evidence not previously submitted to agency decision makers that is neither cumulative nor redundant of the evidence of record at the time of the last prior final denial. 38 C.F.R. § 3.156(a). Materiality has two components: first, that the new evidence pertains to the reason(s) for the prior final denial; and second, that the new evidence, combined with VA assistance and considering the other evidence of record, raises a reasonable possibility of substantiating the claim. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 

When making a determination whether the submitted evidence meets the definition of new and material evidence, the Board considers whether that evidence could, if the claim were reopened, reasonably result in substantiation of the claim, applying concepts derived from the duty to assist. Id. at 118. Evidence submitted to reopen a claim is presumed to be true for the purpose of determining whether new and material evidence has been received. Duran v. Brown, 7 Vet. App. 216, 220 (1994); Justus v. Principi, 3 Vet. App. 510, 513 (1992).

Regardless of whether the RO determined that new and material evidence had been submitted, the Board must address the issue of the receipt of new and material evidence in the first instance because it determines the Board's jurisdiction to reach the underlying claims and to adjudicate the claims de novo. See Woehlaert v. Nicholson, 21 Vet. App. 456, 460-61 (2007) (citing Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996), aff'g, 8 Vet. App. 1 (1995)). If the Board finds that no such evidence has been offered, that is where the analysis must end, and what the RO may have determined in this regard is irrelevant. Barnett, 83 F.3d at 1383. Further analysis, beyond the evaluation of whether the evidence submitted in the effort to reopen is new and material, is neither required nor permitted. Id. at 1384. Any finding entered when new and material evidence has not been submitted "is a legal nullity." Butler v. Brown, 9 Vet. App. 167, 171 (1996); see also Jackson v. Principi, 265 F.3d 1366, 1369 (2001).

Reopening of the Claim of Service Connection for a Left Knee Condition

The Veteran seeks to reopen a claim of service connection for a left knee condition. In a December 2006 rating decision, the RO denied service connection for a left knee condition, indicating that while the Veteran demonstrated a current left knee disability, the evidence did not establish that the disability was related to an injury or disease diagnosed during service. The RO also noted that the evidence did not demonstrate an in-service left knee injury. The Veteran was notified of the December 2006 rating decision in correspondence dated in January 2007. The Veteran did not initiate an appeal as to the December 2006 rating decision; therefore, the November 2006 rating decision became final. 38 U.S.C.A. § 7105; 
38 C.F.R. § 20.1103.

Since the last final disallowance of the claim of service connection for a left knee condition, evidence that has been associated with the claims file includes VA treatment records, a VA examination report from August 2010, and lay statements from the Veteran, including his testimony at the February 2014 Board hearing. Collectively, the recently-submitted evidence, as a whole, provides evidence regarding the severity of the Veteran's left knee disability as well as the history and etiology of the disability. 

Having reviewed the recent evidentiary submissions, the Board finds that new and material evidence to reopen service connection for a left knee condition has been received. The recently-submitted evidence is new, in that it was not record at the time of the prior final denial. Further, it is neither cumulative nor redundant of evidence already of record at the time of the last final disallowance. 

The recently-submitted evidence is also material because it relates to unestablished facts that are necessary to substantiate the claim. Specifically, this evidence addresses, in part, the basis for the prior denial; that is, that the Veteran's left knee disability was incurred as a result of an in-service knee injury. 

Regarding the recently-submitted evidence, 38 C.F.R. § 3.156(a) creates a low threshold that "suggests a standard that would require reopening if newly submitted evidence, combined with VA assistance and considering the other evidence of record, raises a reasonable possibility of substantiating the claim." Shade, 24 Vet. App. at 117-18. Given this standard, and presuming the credibility of the evidence, the Board finds that the additional evidence received since the December 2006 decision is new and material within the meaning of 38 C.F.R. § 3.156, warranting reopening of a claim of service connection for a left knee condition. 
 

ORDER

New and material evidence having been received, the appeal to reopen a claim of service connection for a left knee condition is granted


REMAND

A remand is required in this case to ensure that there is a complete record upon which to decide the appellant's claim of service connection for a left knee disability. See 38 C.F.R. § 19.9. VA has a duty to make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claim for the benefits sought, unless no reasonable possibility exists that such assistance would aid in substantiating the claim. 38 U.S.C.A. § 5103A(a); 38 C.F.R. § 3.159(c), (d).
 
Following VA examination in August 2010, the VA examiner opined that the Veteran's left knee disability was less likely than not related to the in-service knee injury. While the VA examiner identified a 1982 in-service left knee injury, she noted no additional documented assessment of or treatment for the left knee prior to the Veteran's separation from service in 1991. The VA examiner then noted that between 2003 and 2010, the Veteran gained approximately 40 pounds, indicating that this weight gain must be "credited as a significant factor in the deteriorating condition of his knees." 

In review of the opinion provided by the VA examiner, the VA examiner's rationale in support of her opinion is insufficient, and an addendum medical opinion is needed. First, the VA examiner appears to have based her opinion, in part, on the lack of documented complaints or treatment of left knee pain until 2006; however, the Veteran reported during the examination that he experienced left knee pain for many years prior to initially seeking treatment. Moreover, the Veteran testified during the February 2014 Board hearing that he was unable to seek medical treatment prior to 2006 because he did not have adequate medical insurance. Therefore, an addendum medical opinion is needed to address the lay statements of record of left knee symptoms prior to 2006. 

Second, the VA examiner identified the Veteran's post-service weight gain as a "significant factor in the deteriorating condition" of his left knee disability. It is unclear, however, whether the VA examiner's opinion is that the Veteran's weight gain caused the left knee disability or whether his weight gain made an existing left knee disability worse. Moreover, the Veteran's service treatment records reflect multiple notations of the Veteran's exogenous obesity and difficulty with weight control. Therefore, an addendum medical opinion is needed to clarify the VA examiner's opinion regarding the effect of the Veteran's post-service weight gain in contrast to the weight issues experienced by the Veteran during service. 

Accordingly, the case is REMANDED for the following actions:

1. Request that the appellant identify and secure any relevant private medical records that are not in the claims file. Attempt to obtain any records identified by the appellant and associate these records with the claims file.

2. Return the claims file to the VA examiner who performed the August 2010 VA examination (or a suitable substitute) for an addendum medical opinion regarding the nature and etiology of the Veteran's left knee disability. The entire claims file, including a copy of this Remand, must be made available to, and be reviewed by, the VA examiner.

Based upon a review of the relevant evidence of record and sound medical principles, the VA examiner should offer the following opinion:

Is it at least as likely as not (a 50 percent probability or greater) that the Veteran's left knee disability began during service or is otherwise related to the Veteran's service? 

In rendering the above opinion, the examiner should discuss the Veteran's lay statements submitted prior to his death. The examiner should clarify, if possible, the previous opinion regarding the Veteran's post-service weight gain; specifically, whether the Veteran's post-service weight gain was the likely cause of the left knee disability or aggravated an existing left knee disability. The examiner should also opine as to the role, if any, of the Veteran's in-service difficulty with weight control in the development of the left knee disability. 

The term "at least as likely as not" does not mean merely within the realm of medical possibility, but rather that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of causation as it is to find against it.

A thorough explanation must be provided for the opinion rendered. If the examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

3. Finally, after undertaking any other appropriate development deemed necessary, readjudicate the issue on appeal on the basis of the additional evidence of record. If the determination remains adverse to the appellant, she and her representative, if any, should be furnished with a Supplemental Statement of the Case. An appropriate period of time should then be allowed for a response before the record is returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



______________________________________________
L. M. BARNARD 
Acting Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs