Citation Nr: 1719096 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 14-35 135A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUE

Whether new and material evidence has been submitted to reopen a claim for entitlement to service connection for left ear hearing loss, and if so, whether the criteria for service connection are met.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

J. Setter, Associate Counsel



INTRODUCTION

The Veteran served on active duty from March 1956 to March 1960.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

By way of background, the RO granted entitlement to service connection in June 2010 for right ear hearing loss but denied service connection for left ear hearing loss. The Veteran was notified of the June 2010 rating decision but did not file a notice of disagreement or submit any new and material evidence during the one-year appellate period. Therefore, that June 2010 rating decision became final.

In any case involving a finally denied claim, the Board must address whether new and material evidence has been received to reopen before addressing the merits of the claim, regardless of whether or not the agency of original jurisdiction (AOJ) has already addressed the question. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001); Wakeford v. Brown, 8 Vet. App. 237, 239-40 (1995).

The RO reopened the claim of service connection for left ear hearing loss in its November 2013 rating decision, and then subsequently denied the claim on the merits. As the AOJ has adjudicated the claim on appeal on the merits, the Board finds that a decision on the merits in this appeal would not be prejudicial to the Veteran. See Hickson v. Shinseki, 23 Vet. App. 394 (2010).

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).



FINDINGS OF FACT

1. In a June 2010 rating decision, the RO granted service connection for right ear hearing loss but denied service connection for left ear hearing loss. The Veteran was notified of his rights but did not file a notice of disagreement and no new and material evidence was received within the one-year appellate period. Thus, the June 2010 rating action was final.

2. Evidence received since the June 2010 rating action is cumulative or redundant of the evidence previously of record, and does not raise a reasonable possibility of substantiating the Veteran's claim of service connection for left ear hearing loss.


CONCLUSIONS OF LAW

1. The June 2010 rating decision is final. 38 U.S.C.A. §§ 7104, 7105 (West 2014); 38 C.F.R. §§ 3.104, 20.302, 20.1103 (2016).

2. New and material evidence sufficient to reopen the claim of service connection for left ear hearing loss has not been received. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

Under the Veterans Claims Assistance Act of 2000 (VCAA) VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2016). The notice requirements of the VCAA require VA to notify a claimant of what information or evidence is necessary to substantiate the claim; what subset of the necessary information or evidence, if any, the claimant is to provide; and what subset of the necessary information or evidence, if any, the VA will attempt to obtain. 38 C.F.R. § 3.159(b) (2016). Here, adequate VCAA notice was provided in October 2013. 

The duty to assist also includes providing a medical examination or obtaining a medical opinion when necessary to make a decision on a claim, as defined by law. See 38 C.F.R. § 3.159(c)(4). However, with respect to claims to reopen, VA does not have a duty to provide a medical examination or obtain a medical opinion until the claim has been reopened. As the claim has not been reopened, VA had no duty to provide a medical examination or obtain an opinion in this case.

Based on a review of the record, the Board finds that there is no indication that any additional evidence relevant to the issues to be decided herein is available and not part of the claims file. See Mayfield v. Nicholson, 499 F.3d 1317 (Fed. Cir. 2007). Therefore, the Board finds that duty to notify and duty to assist have been satisfied and will proceed to the issue of new and material evidence.

II. New and Material Evidence

Where a claim has been finally adjudicated, a claimant must present new and material evidence to reopen the previously denied claim. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156(a). New evidence is evidence not previously submitted to agency decision makers. 38 C.F.R. § 3.156(a). Material evidence is evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence cannot be either cumulative or redundant of the evidence of record at the time of the last prior final denial and must raise a reasonable possibility of substantiating the claim. Id. 

For the purposes of reopening a claim, newly submitted evidence is generally presumed to be credible. Justus v. Principi, 3 Vet. App. 510, 513 (1992). New and material evidence is not required as to each previously unproven element of a claim in order to reopen. Shade v. Shinseki, 24 Vet. App. 110, 120 (2010). There is a low threshold for determining whether evidence raises a reasonable possibility of substantiating a claim. Id. at 117-18.

Regardless of whether the RO determined that new and material evidence had been submitted, the Board must address the issue of the receipt of new and material evidence in the first instance because it determines the Board's jurisdiction to reach the underlying claims and to adjudicate the claims de novo. See Woehlaert v. Nicholson, 21 Vet. App. 456, 460-61 (2007) (citing Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996), aff'g, 8 Vet. App. 1 (1995)). If the Board finds that no such evidence has been offered, that is where the analysis must end. Barnett, 83 F.3d at 1383. Further analysis, beyond the evaluation of whether the evidence submitted in the effort to reopen is new and material, is neither required nor permitted. Id. at 1384. Any finding entered when new and material evidence has not been submitted "is a legal nullity." Butler v. Brown, 9 Vet. App. 167, 171 (1996) (applying an identical analysis to claims previously and finally denied, whether by the Board or the RO). See Jackson v. Principi, 265 F.3d 1366, 1369 (2001) (the statutes make clear that the Board has a jurisdictional responsibility to consider whether it was proper for a claim to be reopened, regardless of whether the previous action denying the claim was appealed to the Board).

The Board finds that new and material evidence sufficient to warrant reopening has not been submitted. The RO denied service connection for a left ear hearing loss disability in June 2010. The Veteran was notified of the decision, but did not file a notice of disagreement or submit new and material evidence during the applicable appellate period. Therefore, the June 2010 decision became final. 38 U.S.C.A. §§ 4004, 4005; 38 C.F.R. §§ 3.104, 19.118, 19.153.

The evidence of record in June 2010 consisted of the Veteran's service treatment records, a March 2010 VA audiology examination, and lay statements from the Veteran. Evidence received since the rating decision includes an additional VA audiology examination of December 2013, along with other VA medical records from March 2010 that indicate the Veteran has received hearing aids from VA for his bilateral hearing loss. No other evidence or statements from the Veteran or other evidence of private medical care was provided to the claims file. None of the evidence speaks to a left ear hearing disability in service nor does it address any nexus of any current hearing loss with service.

The VA examiner from March 2010 noted the Veteran had medical evidence of current hearing loss in the left ear, but also opined that since the Veteran's hearing in his left ear was normal at separation from service, that the Veteran's current impairment in that left ear was not due his military noise exposure. The opinion was based on the fact that the Veteran entered and exited service with normal hearing in his left ear, and that there was no significant threshold shift at any frequency in the left ear during service. The additional VA examination of December 2013, shows Veteran's current disability of hearing loss in the left ear, the examination report and does not contain evidence regarding the etiology of the left ear hearing loss. The evidence is not material, in that it does not relate to an unestablished fact necessary to substantiate the claim. 38 U.S.C.A. § 5108; 38 C.F.R. § 3.156; see also Shade v. Shinseki, 24 Vet. App. 110, 117 (2010).

The Veteran's lay statements submitted since the June 2010 final RO decision indicate the Veteran's assertion that his left ear was damaged by noise exposure in service. This assertion is cumulative of the assertions and lay statements considered in the June 2010 final decision and are not new and material. 

There is no evidence of left ear hearing loss in service, nor is there a medical nexus opinion linking any current left ear hearing problems with service. The evidence received since 2010 is either cumulative, irrelevant or redundant of the evidence of record at the time of the last final denial, and does not raise a reasonable possibility of substantiating the claim. The evidence received since 2010 is therefore not new and material, and the requirements have not been met to reopen the Veteran's claim for service connection for left ear hearing loss. While the December 2013 examination report addresses the Veteran's current left ear hearing disability, it is redundant and does not raise a reasonable possibility of substantiating the claim. Therefore, reopening of the claim for service connection for a left ear hearing disability is denied. See 38 C.F.R. § 3.156 (a).


 (CONTINUED ON NEXT PAGE)




ORDER

The claim for entitlement to service connection for a left ear hearing loss disability is not reopened, and therefore the appeal is denied.



____________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs