Citation Nr: 1722251 
Decision Date: 06/15/17 Archive Date: 06/29/17

DOCKET NO. 14-20 190A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Entitlement to service connection for metastatic squamous cell carcinoma of the right lymph node, to include as secondary to herbicide exposure, ionizing radiation, and as a Gulf War-related condition. 

2. Whether new and material evidence has been presented to reopen a claim of entitlement to service connection for right ear hearing loss, and, if so, whether service connection is warranted. 

3. Entitlement to service connection for a heart attack. 

4. Entitlement to service connection for a left lung condition. 

5. Entitlement to service connection for high blood pressure. 

6. Entitlement to service connection for a right shoulder condition. 

7. Entitlement to service connection for a broken right hand. 

8. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: John Berry, Attorney 


ATTORNEY FOR THE BOARD

R. Costello, Associate Counsel 


INTRODUCTION

The Veteran served on active duty from August 1970 to March 1975 and September 1976 to March 1978. He then served in the Air Force National Guard from 1985 to 2005, with various periods of inactive duty and active duty for training. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from July 2012, June 2013, and August 2014 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO). 

In a decision dated in December 2015, the Board denied service connection for metastatic squamous cell carcinoma of the right lymph node and remanded the remaining issues . The Board finds the RO complied with the December 2015 remand instructions. 

The Veteran appealed the Board's December 2015 denial of service connection for metastatic squamous cell carcinoma of the right lymph node to the United States Court of Appeals for Veterans Claims (Court). By order dated November 2016, the Court granted a Joint Motion for Remand (JMR), vacating the December 2015 Board decision for the issue of metastatic squamous cell carcinoma of the right lymph node and remanding the case for compliance with the terms of the JMR. 

In order to establish jurisdiction over the issue of entitlement to service connection for right ear hearing loss, the Board must first consider whether new and material evidence has been received to reopen the claim. 38 U.S.C.A. § 5108 (West 2014). The Board must proceed in this fashion regardless of the RO's actions. See Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996) and VAOPGCPREC 05-92. 

The Board acknowledges that the December 2015 Board decision characterized the issues of entitlement to service connection for a right shoulder condition and broken right hand as new and material evidence claims. However, as the June 2013 rating decision that originally denied the claims states the contentions were decided provisionally and the following August 2014 rating decision noted that the "previous provisional decision is now finalized," the Board finds the June 2013 rating decision was not final as to those issues. As such, the Board has recharacterized these issues as noted on the title page. 

At this time, the only issue that can be resolved is whether new and material evidence has been received to reopen the claim for service connection for right ear hearing loss. All remaining issues, as well as the merits of the right ear hearing loss claim, are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).


FINDINGS OF FACT

1. In an unappealed rating decision, dated in June 2013, the RO denied the service connection claim for right ear hearing loss. 

2. Additional evidence received since the June 2013 rating decision is neither cumulative nor redundant, and raises a reasonable possibility of substantiating the Veteran's service connection claim for right ear hearing loss. 

CONCLUSIONS OF LAW

1. The June 2013 decision denying service connection for right ear hearing loss is final. 38 U.S.C.A. § 7105(c); 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103 (2016).

2. Evidence received since the June 2013 rating decision is new and material to the service connection claim for right ear hearing, therefore, the claim is reopened. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran claims service connection for right ear hearing loss. In October 2012, the Veteran filed a claim for hearing loss. The claim was denied in a June 2013 rating decision, which found while VA treatment records showed mild to moderate bilateral hearing loss, evidence received to date failed to show that the condition began in, or was related to, service. As the Veteran did not file a timely notice of disagreement within one year, nor submit any new and material evidence within that time period, the June 2013 rating decision became final. 38 U.S.C.A. § 7105; 38 C.F.R. §§ 3.104, 20.302, 20.1103. 

As noted above, the Board must address whether new and material evidence has been received sufficient to reopen the appellant's service connection claim regardless of the RO's decision to reopen the claim. See Jackson v. Principi, supra. 

Under 38 U.S.C.A. § 5108, VA may reopen a previously and finally disallowed claim when "new and material" evidence is presented or secured with respect to that claim. 38 C.F.R. § 3.156(a) defines "new and material evidence." "[N]ew evidence" means evidence not previously submitted to agency decision makers, and "material evidence" means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. The new and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. Justus v. Principi, 3 Vet. App. 510 (1992). 

Evidence submitted subsequent to the June 2013 rating decision includes a November 2013 VA audiological examination, in which the examiner opined that based on the Veteran's military occupation as a policeman and his reported in-service exposure to gunfire, jeeps, other weapons, being on the pistol range most days, and tarmac noise from planes turning around, he was exposed to noise in service. (See Virtual VA). The Board finds the above evidence relates to unestablished facts, namely conceding that the Veteran was exposed to loud noise during service. For the aforementioned reasons, the evidence is both new and material, and the claim must be reopened. See Shade v. Shinseki, 24 Vet. App. 110 (2010); 38 C.F.R. 3.156(a).


ORDER

New and material evidence having been received, the claim of entitlement to service connection for right ear hearing loss is reopened; the appeal is granted to this extent only.


REMAND

The Veteran asserts in correspondence submitted with his February 2016 substantive appeal that he received treatment for his medical problems beginning in 2008 from Dr. J. Singh. He complained of joint pain and constant high blood pressure and treatment included blood tests, chest x-rays, and fluid samples. Additionally, the physician found there was a "huge" growth in his left lung and his heart was pre-beating and going too slow. Since such records deal directly with all issues on appeal and there is no indication records from Dr. Singh have been associated with the claims file; thus, the Board finds remand is necessary to associate these records with the claims file. Also, the Veteran claims he received treatment for his high blood pressure beginning in August 2010 from Dr. S. Godman. While the Veteran submitted one statement from Dr. Godman, such record only discussed squamous cell carcinoma in 2011 and there is no indication the RO has attempted to obtain any other records from that physician. As such, the RO should also attempt to associate these records with the claims file. 

The Veteran avers that service connection is warranted for metastatic squamous cell carcinoma of the right lymph node, to include as secondary to herbicide exposure, ionizing radiation, and as a Gulf War-related condition. The JMR stipulates that while a May 2014 VA examiner opined that the Veteran's cancer was related to human papillomavirus (HPV) and there was no chemical or toxin exposure in the Gulf War likely to aggravate HPV, the examiner did not provide an opinion as to when the initial infection of HPV occurred. This is significant because an initial infection of HPV during active duty service may serve as a basis for a grant of service connection. As such, the Board finds a VA medical opinion is necessary to determine the etiology of the initial HPV infection. 

For the issue of service connection for right ear hearing loss, the Board notes the Veteran was afforded a VA examination in November 2013, in which the examiner diagnosed him with sensorineural hearing loss in the right ear for VA purposes and opined that his current right ear hearing loss was not related to military noise exposure based on normal audiometric findings in service; specifically, "[h]earing in the right ear was normal on the last exam found in the C-file review dated 8/10/03." However, as the Court held that VA regulations do not preclude service connection for a hearing loss which first met VA's definition of disability after service, Hensley v. Brown, 5 Vet. App. 155, 157 (1993), and the Veteran currently has right ear hearing loss for VA purposes, the Board finds the November 2013 VA examination to be inadequate. As such, a VA medical opinion is necessary to determine the etiology of his current right ear hearing loss. 

Additionally, for the issue of service connection for high blood pressure, the Board notes a February 2011 private treatment record states the Veteran was taking Cardiotone, an herbal blood pressure medication and had a history of borderline high blood pressure. A March 2011 VA treatment record notes the Veteran had a past medical history of hypertension and an August 2013 record states the Veteran had hypertension as his blood pressure was elevated and he reported his home blood pressure was in the 120s/80s. (See Virtual VA, Capri, 8/21/13, pg. 34.) In light of these records, the Board finds it is unclear whether the Veteran actually has a diagnosis of high blood pressure. As such, the Board finds a VA examination is necessary to determine whether the Veteran has a diagnosis of high blood pressure and, if so, the nature and etiology of the condition. 

The separate issue of entitlement to TDIU is also inextricably intertwined with the issues remanded and the proposed development will encompass that issue. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991). As such, the Veteran's TDIU claim is also remanded. 

Accordingly, the case is REMANDED for the following action:

1. Ask the Veteran to complete release forms so the RO can request his records from Dr. J. Singh, Dr. S. Godman, and any other physician that has treated him for the claimed conditions since service. If he does so, make all efforts to obtain private records. 

2. Attempt to obtain and associate with claims file all VA treatment records from Prescott from December 2015 to the present. 

3. Only after completing the above, obtain a VA medical opinion with regard to the service connection claim for metastatic squamous cell carcinoma of the right lymph node. The claims folder and a copy of this REMAND should be reviewed by the examiner, and the examiner must annotate that the examination report in the claims file was in fact made available for review in conjunction with the examination. The examiner is requested to address the following question: 

Whether it is at least as likely as not (50 percent or better probability) that the Veteran's metastatic squamous cell carcinoma of the right lymph node is related to HPV, and if so, whether it is at least as likely as not (50 percent or better probability) that HPV was incurred in or a result of a disease or injury sustained during active duty service. 

4. Also, obtain a VA medical opinion with regard to the right ear hearing loss claim. The claims folder and a copy of this REMAND should be reviewed by the examiner, and the examiner must annotate that the examination report in the claims file was in fact made available for review in conjunction with the examination. The examiner is requested to address the following question: 

Whether it is at least as likely as not (50 percent or better probability) that the Veteran's currently diagnosed right ear hearing loss was incurred in or a result of a disease or injury sustained during active duty service, to include his conceded in-service noise exposure. 

5. Then, the AOJ should schedule the Veteran for an appropriate VA examination to determine if the Veteran currently has a diagnosis of high blood pressure and if so, to ascertain the etiology of the current condition. The relevant documents in the claims file should be made available to the VA examiner. The examiner is requested to address the following questions: 

* Does the Veteran currently have a diagnosis of high blood pressure?

* If so, it is at least as likely as not (50 percent or better probability) that the Veteran's currently diagnosed high blood pressure was incurred in or a result of a disease or injury sustained during active duty service. 

6. After completing the above and any other development deemed necessary, readjudicate the remanded issues, to include entitlement to a TDIU. If the benefits sought on appeal are not granted, the Veteran and his representative should be provided a supplemental statement of the case and an appropriate time period for response. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


______________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs