NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LACY L. ANDERSON,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7111

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 10-4323, Judge Robert N. Davis.

---

Decided: March 21, 2014

---

DEANNE L. BONNER, Bonner Di Salvo, PLLC, of Detroit, Michigan, argued for claimant-appellant.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, MARTIN F. HOCKEY, JR., Assistant Director, and JAMES SWEET, Trial Attorney. Of counsel on the brief was

MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was MEGHAN D. ALPHONSO.

———————————

Before LOURIE, O'MALLEY, and CHEN, *Circuit Judges.*

PER CURIAM.

Lacy Anderson appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the denial of his request to reopen his disability claim. *Anderson v. Shinseki*, No. 10-4323, 2012 WL 6727131 (Vet. App. Dec. 28, 2012) (unpublished).

Our jurisdiction over appeals from decisions of the Veterans Court is limited. We may review challenges to the validity or interpretation of a statute or regulation relied on by the Veterans Court and may interpret constitutional and statutory provisions "to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Except to the extent that an appeal presents a constitutional issue, however, we have no jurisdiction to review a challenge to a "factual determination" or "law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Pursuant to 38 U.S.C. § 5108, a previously-denied claim shall be reopened if a claimant submits "new and material evidence." We have held that such evidence is required before a claim can be reopened. *Barnett v. Brown*, 83 F.3d 1380, 1384 (Fed. Cir. 1996). Mr. Anderson argues that the Veterans Court erred in affirming the determination of the Board of Veterans' Appeals that his claim could not be reopened because he failed to present adequate "new and material evidence." However, "the question of whether evidence in a particular case is new and material is either a factual determination . . . or the application of law to the facts of a particular case . . . and is, thus, not within this court's appellate jurisdiction." *Id.*

at 1383-84; *see also Spencer v. Brown,* 17 F.3d 368, 374 (Fed. Cir. 1994). Mr. Anderson's attempt to frame his challenge as a question of law is unconvincing. *Cf. Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992) ("[T]he mere recitation of a basis for jurisdiction by party or a court[ ] is not controlling; we must look to the true nature of the action.").

Accordingly, we dismiss Mr. Anderson's appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.