NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**MICHAEL W. WILLIAMS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-2433

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-2876, Judge Coral Wong Pietsch.

---

Decided:  June 4, 2020

---

J. BRYAN JONES, III, Lake Charles, LA, for claimant-appellant.

ANN MOTTO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ELIZABETH MARIE HOSFORD, ROBERT EDWARD KIRSCHMAN, JR.; CHRISTINA LYNN GREGG, Y. KEN LEE,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before PROST, *Chief Judge*, REYNA and TARANTO, *Circuit Judges*.

PROST, *Chief Judge*.

Michael Williams appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying him entitlement to a compensable rating for service-connected pulmonary tuberculosis ("PTB"). *See Williams v. Wilkie*, No. 18-2876, 2019 WL 3366777 (Vet. App. July 26, 2019) ("*Decision*"). Because we lack jurisdiction, we dismiss the appeal.

I

Mr. Williams served in the U.S. Air Force from July 1974 to June 1978. In November 1978, he was diagnosed with and treated for PTB. The United States Department of Veterans Affairs ("VA") determined that the PTB was service connected and assigned him a 100% disability rating. An August 1981 examination showed that Mr. Williams's PTB was inactive and asymptomatic. The VA, therefore, reduced his disability rating to zero.

In June 2008, Mr. Williams filed a claim for service-connected hypertension, chronic obstructive pulmonary disease ("COPD"), bronchitis, and lung disease (emphysema). In August 2008, he amended his claim to include sleep apnea. He asserted that these were all related to his service-connected PTB. In April 2012, Mr. Williams underwent a medical examination in connection with his claim. The Board of Veterans' Appeals ("Board") deemed this medical examination inadequate for adjudication purposes. In April 2016, Mr. Williams underwent a second medical examination, which is central to this appeal.

The April 2016 medical opinion stated, among other things, that Mr. Williams's "current COPD/emphysema, sleep apnea and hypertension are not residuals of pulmonary tuberculosis, nor are they due to or caused by the Veteran's pulmonary tuberculosis." J.A. 62. It further stated that the "tuberculosis was treated and rendered inactive by 1980–81; at that time there were no residual findings or symptoms at all. . . . COPD/emphysema is not a comp[l]ication of treated tuberculosis" and "[s]ince the [tuberculosis] was rendered inactive by 1980–81, it could not have aggravated the above conditions." J.A. 62. The VA, therefore, did not award Mr. Williams a compensable rating.

Mr. Williams then appealed to the Board. As relevant to this appeal, the Board found that "the preponderance of the evidence is against the Veteran's claims seeking service connection for COPD and emphysema." J.A. 28. Accordingly, the Board affirmed the rating decision. J.A. 28.

Mr. Williams then appealed the Board's decision to the Veterans Court. He argued that the April 2016 medical examination was "inadequate" because it was "internally inconsistent" and "does not provide a rationale." J.A. 15. The Veterans Court disagreed and affirmed the Board's decision.[1] The Veterans Court reasoned that the April 2016 medical opinion, "when read as a whole, . . . unambiguously concludes that [Mr. Williams]'s PTB is inactive with no chronic residuals." *Decision*, 2019 WL 3366777, at *3.

Mr. Williams now appeals, contending we have jurisdiction under 38 U.S.C. § 7292(a).

II

Under 38 U.S.C. § 7292 we have limited jurisdiction over an appeal from a Veterans Court's decision. "Absent

---

[1]    Other issues that were before the Veterans Court are not on appeal to us.

a constitutional issue, this court is precluded from reviewing challenges to factual determinations or challenges to an application of law to fact." *King v. Shinseki*, 700 F.3d 1339, 1345–46 (Fed. Cir. 2012). "Although this Court has jurisdiction to review a 'rule of law,' including a rule established by a judicial precedent of the Veterans Court, it may not review the application of law to the facts of a particular case." *Id.* at 1346. In ascertaining whether we have jurisdiction, "the mere recitation of a basis for jurisdiction . . . is not controlling; we must look to the true nature of the action." *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992).

## III

Mr. Williams contends that we have jurisdiction over his appeal because he is "raising a question of interpretation of relevant law, [which is] a matter within the court's jurisdiction." Appellant's Br. 2 (citing *Madden v. Gober*, 125 F.3d 1477, 1480 (Fed. Cir. 1997)).

In *Madden*, we determined that we had jurisdiction because the appeal could be characterized as "raising a question of the interpretation of *relevant law*." *Madden*, 125 F.3d at 1480 (emphasis added). Here, although Mr. Williams argues for an interpretation about what inferences constitute a "medical determination" under *Acevedo v. Shinseki*, 25 Vet. App. 286 (2012), such an interpretation is irrelevant to the outcome of this case.[2] As the Government points out, the Veterans Court, besides citing *Acevedo* in its apparent legal standard section, never applied *Acevedo*. *See* Appellee's Br. 11. Instead, the Veterans Court made several statements refuting any notion that

---

[2]    Mr. Williams and the Government appear to agree that *Acevedo* precludes the Board from making certain inferences that result in a medical determination. *See* Appellant's Br. 3; Appellee's Br. 9–10, 13–14.

inferences were made.  For example, the Veterans Court noted that, "when read as a whole, the examination report unambiguously concludes that the appellant's PTB is inactive with no chronic residuals."  *Decision*, 2019 WL 3366777, at \*3.  The Veterans Court further stated that "the examiner opined that the appellant's COPD and emphysema were not residuals of PTB and were not caused by or aggravated by PTB, and provided a thorough rationale to support his conclusions."  *Id.*  Nothing in Mr. Williams's briefing persuades us that an interpretation of a rule of law articulated in *Acevedo* is relevant to this appeal.[3]

Accordingly, the true nature of this action asks us to review the adequacy of the medical examination.  *See, e.g.*, Appellant's Br. 6 (arguing that the medical opinion is "internally inconsistent").  We therefore lack jurisdiction over Mr. Williams's appeal and are compelled to dismiss it.  *See Prinkey v. Shinseki*, 735 F.3d 1375, 1383 (Fed. Cir. 2013) ("[T]he sufficiency of a medical opinion is a matter beyond our jurisdictional reach, because the underlying  question is one of fact."); *see also Anderson v. Shinseki*, 558 F. App'x 1031, 1032 (Fed. Cir. 2014) (rejecting appellant's "attempt to frame [the] challenge as a question of law" to establish jurisdiction).

## DISMISSED

### COSTS

The parties shall bear their own costs.

---

[3]   Mr. Williams did not submit a reply brief.